```
1                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND
2                         NORTHERN DIVISION

3    UNITED STATES OF AMERICA,       )
                                     )
4              Plaintiff,            )
          vs.                        )
5                                    ) CRIMINAL NO.:
     JESUS CHAIDEZ-MEZA,             ) 1:19-cr-00165-RDB-1
6                                    )
               Defendant.            )    VOLUME V
7    _____)

8
                                      Baltimore, Maryland
9                                     October 25, 2019

10
                       TRANSCRIPT OF PROCEEDINGS
11                           JURY TRIAL
               Before The Honorable Richard D. Bennett
12                         Courtroom 5D

13
     For the Plaintiff:
14
          James G. Warwick, Esquire
15        Jeffrey J. Izant, Esquire
            Assistant U.S. Attorneys
16

17   For the Defendant:

18        Thomas J. Maronick, Jr., Esquire

19
     Also Present:  Interpreters - Marta Goldstein, Victoria Dopazo
20                  Special Agent Brian High, DEA

21
          Proceedings recorded by mechanical stenography,
22   transcript produced by computer.

23   _____

24                     Patricia G. Mitchell, RMR, CRR
                       Federal Official Court Reporter
25                     101 W. Lombard Street, 4th Floor
                          Baltimore, Maryland 21201
```

```
 1                     P R O C E E D I N G S

 2        (9:40 a.m.)

 3             THE COURT:  Good morning, everyone.  We have

 4   Ms. Tyson with us here today; Ms. Herndon is not going to be

 5   here today.  Nice to see you.

 6             THE CLERK:  Same here, Judge.

 7             THE COURT:  The lunches will be brought to them by

 8   noon; is that right?

 9             THE CLERK:  Around that time.

10             THE COURT:  Tell them lunch should be brought to

11   them by noon.

12             THE CLERK:  By noon, okay.

13             THE COURT:  With that, ready to bring the jury in

14   and proceed with instructions?

15             MR. MARONICK:  Yes, Your Honor.

16             MR. WARWICK:  Yes, Your Honor.

17             THE COURT:  The courtroom is always noticeably empty

18   when that happens.  With that, we'll bring the jury in.

19             Yes, Ms. Goldstein?

20             THE INTERPRETER:  Could we have a copy of the --

21             THE COURT:  Yes, excellent idea.

22             MR. IZANT:  Your Honor.  (Handing document.)

23             THE COURT:  Thank you, Mr. Izant.  Do you have an

24   extra copy yourself there or not?

25             MR. IZANT:  Yes.
```

1          THE COURT:  Defense, do you have your copy there?

2          MR. MARONICK:  I looked at them.  I don't have it in

3    front of me.

4          THE COURT:  Do you want to have a copy in front of

5    you?

6          MR. MARONICK:  If I could, yes.

7          THE COURT:  Sure, we have an extra.  Get one of

8    those off the table.  So the Government has a copy to make

9    sure I read along correctly.  We'll get a copy to --

10   Ms. Goldstein now has a copy.

11         THE INTERPRETER:  Yes, Your Honor.  Thank you.

12         THE COURT:  We'll get another copy for Mr. Maronick.

13         Ryan, just remember we only have 11 back on the

14   table, so we need to make another copy.  You don't want to

15   listen to me read either?

16         With that, we'll bring the jury in.

17         MR. WARWICK:  The line to get in here this morning

18   was noticeably absent.

19         THE COURT:  I know.  Counsel, it's the biggest

20   transition from being a trial lawyer to trial judge.  Suddenly

21   you go from having closing arguments in the courtroom, people

22   listening to you, and suddenly you're up here giving

23   instructions at the end, and there's nobody listening, it

24   feels like.

25         And good morning to you, Mr. Chaidez-Meza.  Good

1    morning, sir.

2         (Jury entered the courtroom at 9:42 a.m.)

3             THE COURT:  Good morning, everyone.  Nice to see you

4    all.  You-all may be seated.  You've been able to put in your

5    orders for lunch, and lunch will be brought to you, should be

6    here by noon.

7             Members of the jury, you have now heard all the

8    evidence and the arguments of counsel from yesterday and are

9    about to enter your final duty which is to decide the fact

10   issues in the case.  I'm going to instruct you on the law, and

11   it's very important you listen to me.  As I've said, you don't

12   see this on TV with jury trials, but this is an important

13   process.  It's very important that you pay attention.

14            Each one of you will have a copy of what I'm reading

15   from.  All 12 jurors will have their own copy.  So you can

16   take notes, do whatever you want, but you're all going to have

17   your own copy of this as well.

18            Before you decide the fact issues in the case, I

19   will instruct you on the law.  You must pay close attention to

20   me now, and I will go as slow as I can and be as clear as

21   possible.  I told you at the very start of the trial that your

22   principal function during the taking of testimony would be to

23   listen carefully and observe each witness who testified.  It

24   has been obvious to me and to counsel that you have faithfully

25   discharged this duty, your interest never flagged, and it is

1    evident that you followed the testimony with close attention.

2    I ask you to give me that same careful attention as I instruct

3    you on the law.

4         You have now heard all the evidence in the case as

5    well as the final arguments of the lawyers for the parties.

6    My duty at this point is to instruct you as to the law.  It is

7    your duty to accept these instructions of law and apply them

8    to the facts as you determine them, just as it has been my

9    duty to preside over the trial and decide what testimony and

10   evidence is relevant under the law for your consideration.

11        On these legal matters, you must take the law as I

12   give it to you.  If any attorney has stated a legal principle

13   different from any that I state to you in my instructions this

14   morning, it is my instructions that you must follow.  You

15   should not single out any instruction as alone stating the

16   law, but rather you should consider my instructions as a whole

17   when you retire to deliberate in the jury room.  You should

18   not be concerned about the wisdom of any rule that I state,

19   regardless of any opinion you may have as to what the law may

20   be or ought to be.  It would violate your sworn duty to base

21   your verdict upon any other view of the law than that which I

22   give you.

23        Your final role is to pass upon and decide the fact

24   issues that are in the case.  You, the members of the jury,

25   are the sole and exclusive judges of the facts.  You pass upon

1    the weight of the evidence.  You determine the credibility of

2    the witnesses.  You resolve such conflicts as there may be in

3    the testimony, and you draw whatever reasonable inferences you

4    decide to draw from the facts as you have determined them.  I

5    shall later discuss with you how to pass upon the credibility

6    or believability of the witnesses.

7          In determining the facts, you must rely upon your

8    own recollection of the evidence.  What the lawyers have said

9    in their opening statements Monday of this week, in their

10   closing arguments yesterday, in their objections, or in their

11   questions is not evidence.  In this connection, you should

12   bear in mind that a question put to a witness is never

13   evidence. It is only the answer which is evidence.

14         Nor is anything I may have said during the trial or

15   may say during these instructions with respect to a fact

16   matter to be taken in substitution for your own independent

17   recollection.  What I say is not evidence.  The evidence

18   before you consists of the answers given by the witnesses,

19   testimony they gave, the testimony they gave as you recall it,

20   and the exhibits that were received in evidence.  The evidence

21   does not include questions.  Only the answers are evidence.

22         You may also consider the stipulations of the

23   parties as evidence.  There were certain stipulations that

24   were read to you this week.  And you will have a copy of an

25   exhibit with those stipulations.

1          Since you are the sole and exclusive judges of the

2     facts, I do not mean to indicate any opinion as to the facts

3     or what your verdict should be.  As to the facts, ladies and

4     gentlemen, you are the exclusive judges.  You are to perform

5     the duty of finding the facts without bias or prejudice as to

6     any party.

7          In determining the facts, the jury is reminded that

8     before each member was accepted and sworn to act as a juror on

9     Monday, he or she was asked questions concerning competency,

10    qualifications, fairness and freedom from prejudice and bias.

11    On the faith of those answers, the jury was accepted by the

12    parties.  Therefore, those answers which you gave on Monday

13    are as binding on each of the jurors now as they were then and

14    should remain so until the jury is discharged from

15    consideration of this case.

16         You are to perform the duty of finding the facts

17    without bias or prejudice as to any party.  You are to perform

18    your final duty in an attitude of complete fairness and

19    impartiality.  The case is important to the government, for

20    the enforcement of criminal laws is a matter of prime concern

21    to the community.  Equally, it is important to the defendant

22    who is charged with a serious crime.  The fact that the

23    prosecution is brought in the name of the United States of

24    America entitles the government to no greater consideration

25    than that accorded to any other party to a litigation.  By the

1   same token, it is entitled to no less consideration.  All

2   parties, whether government or individual, stand as equals at

3   the bar of justice.

4          It is the duty of the attorney for each side of a

5   case to object when the other side offers testimony or other

6   evidence which the attorney believes is not properly

7   admissible.  Counsel also have the right and duty to ask the

8   Court to make rulings of law and to request conferences at the

9   bench out of the hearing of the jury.  All those questions of

10  law must be decided by me, the Court.  You should not show any

11  prejudice against an attorney or his client because the

12  attorney objected to the admissibility of evidence or asked

13  for a conference out of the hearing of the jury or asked the

14  Court for a ruling on the law.

15         As I already indicated, my rulings on the

16  admissibility of evidence do not indicate any opinion about

17  the weight or effect of such evidence.  You are the sole

18  judges of the credibility of all witnesses and the weight and

19  effect of all evidence.

20         Your verdict must be based solely upon the evidence

21  developed at trial or the lack of evidence.  It would be

22  improper for you to consider, in reaching your decision as to

23  whether the Government sustained its burden of proof, any

24  personal feelings you may have about the defendant's race,

25  religion, national origin, sex or age.  All persons are

1    entitled to the presumption of innocence, and the Government

2    has the burden of proof, as I will discuss in a moment.

3         It would be equally improper for you to allow any

4    feelings you might have about the nature of the crime charged

5    to interfere with your decision-making process.  To repeat,

6    your verdict must be based exclusively upon the evidence or

7    the lack of evidence in the case.

8         Under your oath as jurors, you are not to be swayed

9    by sympathy.  You are to be guided solely by the evidence in

10   this case.  It is for you alone to decide whether the

11   Government has proven that the defendant is guilty of the

12   crime charged solely on the basis of the evidence and subject

13   to the law as I charge you.  It must be clear to you that once

14   you let fear or prejudice or bias or sympathy interfere with

15   your thinking, there is a risk that you will not arrive at a

16   true and just verdict.

17        If you have a reasonable doubt as to the defendant's

18   guilt, you should not hesitate for any reason to find a

19   verdict of acquittal.  On the other hand, if you should find

20   that the Government has met its burden of proving the

21   defendant's guilt beyond a reasonable doubt, you should not

22   hesitate because of sympathy or any other reason to render a

23   verdict of guilty.

24        You are about to be asked to decide whether or not

25   the Government has proven beyond a reasonable doubt the guilt

 1  of this defendant.  You are not being asked whether any other

 2  person has been proven guilty.  Your verdict should be based

 3  solely upon the evidence or lack of evidence as to this

 4  defendant in accordance with my instructions and without

 5  regard to whether the guilt of other people has or has not

 6  been proven.

 7          The defendant here is charged with a crime about

 8  which I will instruct you shortly.  The charge is called a

 9  count.  I will refer to the count by the number assigned to it

10  in the charging instrument called an indictment, but an

11  indictment is merely a statement of charge and not itself

12  evidence.

13          Although the defendant has been indicted, you must

14  remember that an indictment is only an accusation to which the

15  defendant has pleaded not guilty.  The indictment itself is

16  not evidence.  But a copy of this indictment -- will not

17  necessarily be in the jury room with you.  It said here it's

18  in the jury room.  In fact, I just summarized -- in one of the

19  other instructions, the whole indictment is just summarized

20  again for you to have in your deliberations.

21          That's a satisfactory adjustment from the point of

22  view of the Government; correct, Mr. Izant?

23              MR. IZANT:  It is, Your Honor.

24              THE COURT:  Correct from your point of view --

25              MR. MARONICK:  Yes, Your Honor.

1           THE COURT:  I'm not sending the indictment in, but I

2      already summarized the one-count indictment in another

3      instruction you will have back in the jury room.

4           As a result of the defendant's plea of not guilty,

5      the burden is on the prosecution to prove guilt beyond a

6      reasonable doubt.  This burden never shifts to the defendant

7      for the simple reason that the law never imposes upon a

8      defendant in a criminal case the burden or duty of calling any

9      witness or producing any evidence.  The law presumes the

10     defendant to be innocent of the charges against him.  I

11     therefore instruct you that the defendant is presumed by you

12     to be innocent throughout your deliberations until such time,

13     if ever, you as a jury are satisfied that the Government has

14     proven him guilty beyond a reasonable doubt.

15          The defendant begins the trial here with a clean

16     slate.  This presumption of innocence alone is sufficient to

17     acquit a defendant unless you as jurors are unanimously

18     convinced beyond a reasonable doubt of his guilt after a

19     careful and impartial consideration of all the evidence in

20     this case.  If the Government fails to sustain its burden, you

21     must find the defendant not guilty.  This presumption was with

22     the defendant when the trial began, and remains with him even

23     now as I speak to you, and will continue with him into your

24     deliberations, unless and until you are convinced that the

25     Government has proven the defendant's guilt beyond a

1   reasonable doubt.

2           In describing whether or not the Government has met

3   its burden, you may consider both direct evidence and

4   circumstantial evidence.  Direct evidence is evidence that

5   proves a disputed fact directly.  For example, when a witness

6   testifies to what he or she saw, heard or observed, that is

7   called direct evidence.  Circumstantial evidence is evidence

8   that tends to prove a disputed fact by proof of other facts.

9   Using your reason and experience, you infer from established

10  facts the existence or the nonexistence of some other fact.

11  Please note, however, that it is not a matter of speculation

12  or guess.  It is a matter of logical inference.

13          The law makes no distinction between direct and

14  circumstantial evidence.  Circumstantial evidence is of no

15  less value than direct evidence, and you may consider either

16  or both and may give them such weight as you conclude is

17  warranted.

18          Let me emphasize that a lawyer's questions are not

19  evidence.  At times a lawyer on cross-examination may have

20  incorporated into a question a statement which assumes certain

21  facts to be true and ask the witness if the statement was

22  true.  If the witness denies the truth of the statement and if

23  there is no evidence in the record proving that the assumed

24  fact is true, then you may not consider the fact to be true

25  simply because it was contained in the lawyer's question.  In

1    short, questions are not evidence; answers are.

2            The evidence in this case consists of the sworn

3    testimony of the witnesses, the exhibits received into

4    evidence and certain stipulations.  A stipulation is an

5    agreement among the parties that a certain fact is true.  You

6    should regard such agreed facts as true.  Exhibits which have

7    been marked for identification but not received into evidence

8    may not be considered by you as evidence.  Only those exhibits

9    received into evidence may be considered as evidence.  You

10   should consider the evidence in light of your own common sense

11   and experience, and you may draw reasonable inferences from

12   the evidence.

13           Anything you may have seen or heard about this case

14   outside the courtroom is not evidence and must be entirely

15   disregarded.  Again, a stipulation is an agreement among the

16   parties that a certain fact is true.  You should regard such

17   agreed facts as true if there's a stipulation.

18           The defendant, Mr. Chaidez-Meza, did not testify in

19   this case.  Under our Constitution, he has no obligation to

20   testify or to present any other evidence because it is the

21   prosecution's burden to prove him guilty beyond a reasonable

22   doubt.  That burden remains with the prosecution throughout

23   the entire trial and never shifts to the defendant.  A

24   defendant is never required to prove that he is innocent.  You

25   may not attach any significance to the fact that the defendant

1    did not testify.  No adverse inference against him may be

2    drawn by you because he did not take the witness stand.  You

3    may not consider this against the defendant in any way in your

4    deliberations in the jury room.

5              During the trial, you've heard the attorneys use the

6    term inference, and in their arguments, particularly

7    yesterday, they had asked you to infer on the basis of your

8    reason, experience and common sense, from one or more

9    established facts, the existence of some other fact.  An

10   inference is not a suspicion or a guess.  It is a reasoned,

11   logical decision to conclude that a disputed fact exists on

12   the basis of another fact which you know exists.  There are

13   times when different inferences may be drawn from facts,

14   whether proved by direct or circumstantial evidence.  The

15   Government asked you to draw one set of inferences, while the

16   defense asked you to draw another.

17             It is for you and you alone to decide what

18   inferences you will draw.  The process of drawing inferences

19   from facts in evidence is not a matter of guesswork or

20   speculation.  An inference is a deduction or conclusion which

21   you the jury are permitted to draw, but not required to draw,

22   from the facts which have been established by either direct or

23   circumstantial evidence.  In drawing inferences, you should

24   exercise your common sense.  So while you are considering the

25   evidence presented to you, you are permitted to draw from the

1   facts that you find to be proven such reasonable inferences as

2   would be justified in light of your experience.

3           Here again, let me remind you that whether based

4   upon direct or circumstantial evidence or upon the logical,

5   reasonable inferences drawn from such evidence, you must be

6   satisfied of the guilt of the defendant beyond a reasonable

7   doubt before you may convict.

8           In terms of witness credibility -- I said I'd

9   mention that in a minute and I'll do that now.  It must be

10  clear to you by now that the Government and the defendant are

11  asking you to draw very different conclusions about various

12  factual issues in the case.  Deciding these issues will

13  involve making judgments about the testimony of the witnesses

14  you have listened to and observed.  In making these judgments,

15  you should carefully scrutinize all the testimony of each

16  witness, the circumstances under which each witness testified,

17  and any other matter in evidence that may help you to decide

18  the truth and the importance of each witness's testimony.

19          Your decision whether or not to believe a witness

20  may depend on how that witness impressed you; how did the

21  witness appear?  Was the witness candid, frank and forthright,

22  or did the witness seem to be evasive or suspect in some way?

23  How did the way the witness testified on direct examination

24  compare with how the witness testified on cross-examination?

25  Was the witness consistent or contradictory?  Did the witness

appear to know what he or she was taking about?  Did the

witness strike you as someone who was trying to report his or

her knowledge accurately?  These are examples of the kinds of

common sense questions you should ask yourselves in deciding

whether a witness is or is not truthful.

How much you choose to believe a witness may also be

influenced by the witness's bias.  Does the witness have a

relationship with the government or the defendant that may

affect how he or she testified?  Does the witness have some

incentive, loyalty or motive that might cause him or her to

shade the truth?  Does the witness have some bias, prejudice

or hostility that may cause the witness to give you something

other than a completely accurate account of the facts he or

she testified to?

You should also consider whether a witness had the

opportunity to observe the facts he or she testified about.

Also you should consider whether the witness's recollection of

the facts stands up in light of the other evidence in the

case.  In other words, what you must try to do in deciding

credibility is to size up a person, just as you would in any

important matter when you are trying to decide if a person is

truthful, straightforward, and accurate in his or her

recollection.

You have heard witnesses who testified that they

were actually involved in planning and carrying out the crime

1   charged in the indictment.  There has been a great deal said

2   about these so-called accomplice witnesses in the summations

3   of counsel and whether or not you should believe them.  The

4   Government argues, as it is permitted to do so, that it must

5   take the witnesses as it finds them.  It argues that only

6   people who themselves take part in criminal activity have the

7   knowledge required to show criminal behavior by others.  For

8   those very reasons, the law allows the use of accomplice

9   testimony.  Indeed, it is the law in the federal courts that

10  the testimony of accomplices may be enough in itself for

11  conviction, if the jury finds that the testimony establishes

12  guilt beyond a reasonable doubt.

13         However, it is also the case that accomplice

14  testimony is of such nature that it must be scrutinized with

15  great care and viewed with particular caution when you decide

16  how much of that testimony to believe.  I have given you some

17  general considerations on credibility and I will not repeat

18  them all here, nor will I repeat all the arguments made on

19  both sides.  However, let me say a few things you may want to

20  consider during your deliberations on the subject of

21  accomplices.

22         You should ask yourself whether these so-called

23  accomplices would benefit more by lying or by telling the

24  truth.  Was their testimony made up in any way because they

25  believed or hoped that they would somehow receive favorable

treatment for testifying falsely?  Or did they believe that

their interests would be best served by testifying truthfully?

If you believe that the witness was motivated by hopes of

personal gain, was the motivation one that would cause him to

lie, or was it one that would cause him to tell the truth?

Did this motivation color his testimony?  In sum, you should

look at all the evidence in deciding what credence and weight,

if any, you want to give to the accomplice witnesses.

You have heard the testimony from a government

witness who pled guilty to charges arising out of the same

facts as this case.  You are instructed that you are to draw

no conclusions or inferences of any kind about the guilt of

the defendant on trial from the fact that a prosecution

witness pled guilty to similar charges.  That witness's

decision to plead guilty was a personal decision about his own

guilt.  It may not be used by you in any way as evidence

against or unfavorable to the defendant, Mr. Chaidez-Meza, on

trial here.

There has been evidence that the defendant made

certain statements which the Government claims he admitted

certain facts charged in the indictment.  In deciding what

weight to give the defendant's statements, you should first

examine with great care whether each statement was made and

whether, in fact, it was voluntarily and understandingly made.

I instruct you that you are to give the statement such weight

1    as you feel they deserve in light of all the evidence.

2          You have heard the testimony of a witness who was

3    previously convicted of a crime punishable by more than one

4    year in jail or involving dishonesty or false statement.  In

5    this case, it was one of the government witnesses.  This prior

6    conviction was put into evidence for you to consider in

7    evaluating the witness's credibility.  You may consider the

8    fact that the witness who testified is a convicted felon in

9    deciding how much of his testimony to accept and what weight,

10   if any, should be given.

11         You have heard the testimony of law enforcement

12   officials.  The fact that witnesses may be employed by the

13   federal, state, or local governments as a law enforcement

14   official does not mean that his testimony is necessarily

15   deserving of more or less consideration or greater or lesser

16   weight than that of an ordinary witness.  At the same time, it

17   is quite legitimate for defense counsel to try to attack the

18   credibility of a law enforcement witness on the grounds that

19   his testimony may be colored by a personal or professional

20   interest in the outcome of the case.  It is your decision,

21   after reviewing all the evidence, whether to accept the

22   testimony of the law enforcement witness and to give that

23   testimony whatever weight, if any, you find it deserves.

24         The law does not require that the prosecution -- the

25   law does not require the prosecution to call as witnesses all

1    who may have been present at any time or place involved in the

2    case or who may appear to have some knowledge of the matters

3    in issue at this trial, nor does the law require the

4    prosecution to produce as exhibits all papers and things

5    mentioned in the evidence.

6            The instructions which I've just given you are more

7    or less of a general nature applicable to all criminal cases

8    before this court.  We will next consider the crime with which

9    the defendant is charged in the indictment.  As I said, the

10   alleged crime is charged in what is called a count.  With

11   these preliminary instructions in mind, let us turn to the

12   charge against the defendant as contained in Count 1 of the

13   indictment.  I remind you again that an indictment itself is

14   not evidence.  It merely describes the charge made against a

15   defendant.  It is an accusation.  It may not be considered by

16   you as any evidence of guilt of a defendant.

17           Now I'm going to give you specific instructions

18   relevant to this particular case.  This is where I basically

19   completely summarize the one-count indictment from the

20   indictment itself.

21           Count 1 of the indictment charges the defendant,

22   Chaidez-Meza, with conspiracy to distribute and to possess

23   with intent to distribute a controlled substance.  Count 1 of

24   the indictment reads as follows:

25           The Grand Jury for the District of Maryland charges

that from in or about September of 2016 and continuing until
in or about December of 2016, in the District of Maryland and
elsewhere, Jesus Chaidez-Meza and Pedro Valdez-Garcia, the
defendants herein, did knowingly and willfully combine,
conspire, confederate, and agree with each other and with
other persons known and unknown to the Grand Jury, to
knowingly and intentionally distribute and possess with intent
to distribute 5 kilograms or more of a mixture or substance
containing a detectable amount of cocaine, a Schedule II
controlled substance.

Defendant Chaidez-Meza is charged with violating the
Drug Abuse Prevention and Control Act.  That law makes it a
crime for any person knowingly or intentionally to
manufacture, distribute, or dispense, or possess with intent
to manufacture, distribute or dispense a controlled substance
or to attempt or to conspire to do the same.

In order to satisfy its burden of proof on Count 1,
the Government must establish each of the following two
essential elements beyond a reasonable doubt.  First, that two
or more persons entered into an unlawful agreement to
distribute controlled substances or to possess with intent to
contribute controlled substances.

Second, that the defendant knowingly and willfully
became a member of the conspiracy.  A conspiracy to possess
with intent to distribute controlled substances does not

1   require proof of an overt act.  It is enough that the

2   defendant merely agreed with another person to commit acts

3   that would satisfy the elements above.

4           The first element then which the Government must

5   prove beyond a reasonable doubt to establish the offense of

6   conspiracy is that two or more persons entered the unlawful

7   agreement charged in the indictment.  In order for the

8   Government to satisfy this element, you need not find that the

9   alleged members of the conspiracy met together and entered

10  into any express or formal agreement.  Similarly, you need not

11  find that the alleged conspirators stated in words or writing

12  what the scheme was, its object or purpose, or every precise

13  detail of the scheme or the means by which its object or

14  purpose was to be accomplished.  Indeed, it is sufficient for

15  the Government to show that the conspirators tacitly came to a

16  mutual understanding to accomplish an unlawful act by means of

17  a joint plan or common design.

18          You may, of course, find the existence of an

19  agreement to disobey or disregard the law has been established

20  by direct proof.  However, since conspiracy is by its very

21  nature characterized by secrecy, you may also infer its

22  existence from the circumstances of this case and the conduct

23  of the parties involved.  In a very real sense then, in the

24  context of conspiracy cases, actions often speak louder than

25  words.  In this regard, you may, in determining whether an

1   agreement existed here, consider the actions and statements of

2   all those you find to be participants as proof that a common

3   design existed on the part of the person charged and his

4   co-conspirators to act together for the accomplishment of an

5   unlawful purpose.

6           The second element which the Government must prove

7   beyond a reasonable doubt to establish the offense of

8   conspiracy is that the defendant knowingly and willfully

9   became a member of the conspiracy.  This is a lengthy

10  instruction --

11          MR. MARONICK:  Your Honor, I believe also there was

12  "voluntarily."

13          THE COURT:  Yes, I'm sorry, I'll read that again.

14  This is Court's Instruction No. 29.  Thank you, Mr. Maronick.

15  It is stated here.  I'm going to repeat it anyway.  I was

16  going to read the whole thing again.  Thank you.

17          This is Instruction No. 29 which you're obviously

18  looking at closely, Membership in the Conspiracy.

19          The second element which the Government must prove

20  beyond a reasonable doubt to establish the offense of

21  conspiracy is that the defendant knowingly, willfully and

22  voluntarily became a member of the conspiracy.  If you are

23  satisfied that the conspiracy charged in the indictment

24  existed, you must next ask yourselves who the members of that

25  conspiracy were.  In deciding whether the defendant whom you

1    are considering was, in fact, a member of the conspiracy, you

2    should consider whether the defendant knowingly and willfully

3    joined the conspiracy.  Did he participate in it with

4    knowledge of its unlawful purpose and with the specific

5    intention of furthering this business or objective as an

6    associate or worker?

7            In that regard, it has been said that in order for a

8    defendant to be deemed a participant in a conspiracy, he must

9    have had a stake in the venture or its outcome.  You are

10   instructed that while proof of a financial interest in the

11   outcome of a scheme is not essential, if you find that the

12   defendant had such an interest, then that is a factor which

13   you may properly consider in determining whether or not the

14   defendant was a member of the conspiracy charged in the

15   indictment.

16           As I mentioned a moment ago, before the defendant

17   can be found to have been a conspirator, you must first find

18   that he knowingly joined in the unlawful agreement or plan.

19   The key question, therefore, is whether the defendant joined

20   the conspiracy with an awareness of at least some of the basic

21   aims or purposes of the unlawful agreement.

22           It is important for you to note that the defendant's

23   participation in the conspiracy must be established by

24   independent evidence of his own acts or statements, as well as

25   those of the other alleged co-conspirators, and the reasonable

1  inferences which may be drawn from them.  The defendant's

2  knowledge is a matter of inference from the facts proved.  In

3  that connection, I instruct you that to become a member of the

4  conspiracy, the defendant need not have known the identities

5  of each and every other member, nor need he have been apprised

6  of all their activities.  Moreover, the defendant need not

7  have been fully informed as to all of the details or the scope

8  of the conspiracy in order to justify an inference of

9  knowledge on his part.

10         Furthermore, the defendant need not have joined in

11  all of the conspiracy's unlawful objectives.  The extent of a

12  defendant's participation has no bearing on the issue of a

13  defendant's guilt.  A conspirator's liability is not measured

14  by the extent or duration of his participation.  Indeed, each

15  member may perform separate and distinct acts and may perform

16  them at different times.  Some conspirators play major roles

17  while others play minor roles in the scheme.  An equal role is

18  not what the law requires.  In fact, even a single act may be

19  sufficient to draw the defendant within the ambit of the

20  conspiracy.

21         I want to caution you, however, that the defendant's

22  mere presence at the scene of the alleged crime does not by

23  itself make him a member of the conspiracy.  Similarly, mere

24  association with one or more members of the conspiracy does

25  not automatically make the defendant a member.  A person may

1    know or be friendly with a criminal without being a criminal

2    himself.  Mere similarity of conduct or the fact that they may

3    have assembled together and discussed common aims and interest

4    does not necessarily establish membership in the conspiracy.

5            I also want to caution you that mere knowledge or

6    acquiescence without participation in the unlawful plan is not

7    sufficient.  Moreover, the fact that the acts of a defendant

8    without knowledge merely happened to further the purposes or

9    objectives of the conspiracy does not make the defendant a

10   member.  More is required under the law.  What is necessary is

11   that the defendant must have participated with knowledge of at

12   least some of the purposes or objectives of the conspiracy and

13   with the intention of aiding in the accomplishment of those

14   unlawful ends.

15           In sum, the defendant with an understanding of the

16   unlawful character of the conspiracy must have intentionally

17   engaged, advised or assisted in it for the purpose of

18   furthering the illegal undertaking.  He thereby becomes a

19   knowing and willing participant in the unlawful agreement,

20   that is to say, a conspirator.

21           Another 10 or 15 minutes, and we'll be done.

22           Once it has been established that a conspiracy

23   exists, the evidence need only establish a slight connection

24   between a defendant and the conspiracy to support a finding

25   that he was a knowing participant.  This evidence may consist

1    of a defendant's relationship with other members of the

2    conspiracy, the length of this association, his conduct and

3    the nature of the conspiracy.  You have been instructed that

4    in order to sustain this burden of proof, the defendant must

5    prove that the defendant acted knowingly in becoming a member

6    of the charged conspiracy.

7              A person acts knowingly if he acts intentionally and

8    voluntarily and not because of ignorance, mistake, accident or

9    carelessness.  Whether the defendant acted knowingly may be

10   proven by the defendant's conduct and by all the facts and

11   circumstances surrounding the case.

12             You have been instructed that in order to sustain

13   its burden of proof, the Government must prove that the

14   defendant acted willfully in becoming a member of the charged

15   conspiracy.  Willfully --

16             MR. WARWICK:  Judge --

17             THE COURT:  -- means to act with knowledge that

18   one's conduct is unlawful and with the intent to do something

19   the law forbids, that is to say, with the purpose to disobey

20   or disregard the law.  A defendant's conduct was not willful

21   if it was due to negligence, inadvertence or mistake.

22             MR. IZANT:  Your Honor, may we approach very

23   briefly?

24             THE COURT:  Yes, certainly.

25        **(Bench conference on the record:**

1          MR. IZANT:  Just going back to page 43, the

2    "knowingly" instruction, I think Your Honor accidentally said

3    the defendant must prove that the defendant acted knowingly,

4    and it should be the Government.

5          THE COURT:  The Government.  If I made a mistake,

6    I'll correct it.)

7      **(Bench conference concluded.)**

8          THE COURT:  Apparently I misread Instruction No. --

9    thank you, Mr. Izant.  Instruction No. 31, if I misread it, I

10   apologize.

11         You have been instructed that in order to sustain

12   this burden of proof, the Government must prove that the

13   defendant acted knowingly in becoming a member of the charged

14   conspiracy.  A person acts knowingly if he acts intentionally

15   and voluntarily and not because of ignorance, mistake,

16   accident or carelessness.  Whether the defendant acted

17   knowingly may be proven by the defendant's conduct and by all

18   the facts and circumstances surrounding the case.

19         You have been instructed that in order to sustain

20   its burden of proof, the Government must prove that the

21   defendant acted willfully in becoming a member of the charged

22   conspiracy.  Willfully means to act with knowledge that one's

23   conduct is unlawful and with the intent to do something the

24   law forbids, that is to say, with the purpose to disobey or

25   disregard the law.  A defendant's conduct was not willful if

1    it was due to negligence, inadvertence or mistake.

2         The Government must prove beyond a reasonable doubt

3    that the defendant acted intentionally in becoming a member of

4    the charged conspiracy.  Before you can find that the

5    defendant acted intentionally, you must be satisfied beyond a

6    reasonable doubt that the defendant acted deliberately and

7    purposefully; that is, defendant's acts must have been the

8    product of defendant's conscious objective rather than the

9    product of mistake or accident.

10        The intent with which an act is done is often more

11   clearly and conclusively shown by the act itself or by a

12   series of acts than by words or explanations of the act

13   uttered long after its occurrence.  Accordingly, intent,

14   willfulness and knowledge are usually established by

15   surrounding facts and circumstances as of the time the acts in

16   question occurred or the events took place and the reasonable

17   inferences to be drawn from them.

18        Knowledge, willfulness and intent involve the state

19   of a person's mind.  It has often been said to juries that the

20   state of one's mind is a fact as much as the state of his

21   digestion, which is always dangerous to say when you're hungry

22   and waiting for lunch.  But, accordingly, this is a fact you

23   are called upon to decide.  Medical science has not yet

24   devised an instrument which can record what was in one's mind

25   in the distant past.  Rarely is direct proof available to

1    establish the state of one's mind.

2              This may be inferred from what one says or does,

3    one's words, one's actions and one's conduct as of the time of

4    the occurrence of certain events.  The intent with which an

5    act is done is often more clearly and conclusively shown by

6    the act itself or by a series of acts than by words or

7    explanations of the act uttered long after its occurrence.

8              Accordingly, intent, willfulness and knowledge are

9    usually established by surrounding facts and circumstances as

10   of the time the acts in question occurred or the events took

11   place and the reasonable inferences to be drawn from them.

12             You will recall that I have admitted into evidence

13   against the defendant the acts and statements of others

14   because these acts and statements were committed by persons

15   who the Government charges were also confederates or

16   co-conspirators of the defendant on trial.  The reason for

17   allowing this evidence to be received against the defendant

18   has to do with the nature of the crime of conspiracy.  A

19   conspiracy is often referred to as a partnership in crime.

20   Thus, as in other types of partnerships, when people enter

21   into a conspiracy to accomplish an unlawful end, each and

22   every member becomes an agent for the other conspirators in

23   carrying out the conspiracy.

24             Accordingly, the reasonably foreseeable acts,

25   declaration, statements and omissions of any member of the

conspiracy and in furtherance of the common purpose of the

conspiracy are deemed under law to be the acts of all of the

members, and all the members are responsible for such acts,

declarations, statements and omissions.

          If you find beyond a reasonable doubt that the

defendant was a member of the conspiracy charged in the

indictment, then any acts done or statements made in

furtherance of the conspiracy by persons also found by you to

have been members of that conspiracy may be considered against

the defendant.  This is so even if such acts were done or

statements were made in the defendant's absence and without

his knowledge.

          However, before you may consider the statements or

acts of a co-conspirator in deciding the issue of the

defendant's guilt, you must first determine that the acts and

statements were made during the existence and in furtherance

of the unlawful scheme.  If the acts were done or the

statements made by someone whom you do not find to have been a

member of the conspiracy, or if they were not done or said in

furtherance of the conspiracy, they may be considered by you

as evidence only against the member who did or said them.

          If you find that the Government has proven the

defendant guilty of the conspiracy charged in Count 1, that

is, that the alleged conspiracy existed and that the defendant

knowingly and intentionally became a member of the conspiracy,

1    then there is one more issue that you must decide.  That's an

2    additional issue.  You'll see a verdict form I'll go over with

3    you in a moment.

4         I provided you with a special verdict form, asking

5    you to fill in the amount of cocaine that the defendant

6    conspired to distribute.  The burden is on the Government to

7    establish the type and amount of the controlled substance

8    beyond a reasonable doubt.  Remember, you should only address

9    this issue and complete this portion of the form if you find

10   the defendant guilty of the conspiracy charge in Count 1.

11        In determining what type and quantity of controlled

12   substance is attributable to a particular defendant, you

13   should consider the following factors:

14        First, a defendant is accountable for any type and

15   quantity of drugs which he personally distributed or possessed

16   with intent to distribute.

17        Second, a defendant is also accountable for any type

18   and quantity of drugs which he attempted to or planned to

19   distribute or possess with intent to distribute. Specifically,

20   a defendant is accountable for those drugs even if those drugs

21   were never actually obtained or distributed, so long as an

22   objective of the conspiracy was for the defendant to

23   distribute or possess with intent to distribute such a type

24   and quantity of drugs.

25        Third, a defendant is also accountable for any type

1   and quantity of drugs which another member of the conspiracy

2   distributed or possessed with intent to distribute as part of

3   the conspiracy, so long as it was reasonably foreseeable to

4   the defendant that such a type and quantity of drugs would be

5   involved in the conspiracy that he joined.

6            Fourth, a defendant is also accountable for any type

7   and quantity of drugs which another member of the conspiracy

8   attempted to or planned to distribute or possessed with intent

9   to distribute, so long as it was reasonably foreseeable to the

10  defendant that such a type and quantity of drugs would be

11  involved in the conspiracy that he joined.  A defendant is

12  accountable for those drugs even if those drugs were never

13  actually obtained or distributed by other members of the

14  conspiracy, so long as an objective of the conspiracy was for

15  the other members of the conspiracy to distribute or possess

16  with intent to distribute such a type and quantity of drugs.

17           These last two rules apply even if the defendant did

18  not personally participate in the acts or plans of his

19  co-conspirators or even if the defendant did not have actual

20  knowledge of those acts or plans, so long as those acts or

21  plans were reasonably foreseeable to the defendant and were

22  committed by a co-conspirator in furtherance of a conspiracy.

23  The reason for this is simply that a co-conspirator is deemed

24  to be the agent of all the other members of the conspiracy.

25  Therefore, all the co-conspirators bear criminal

1    responsibility for acts or plans that are undertaken to

2    further the goals of the conspiracy.

3              Your findings about the type and quantities of

4    controlled substances attributable to the defendant will be

5    noted on the verdict form which I will discuss with you just

6    in a second.  We're almost finished.

7              I mentioned earlier that the Government must prove

8    that the defendant willfully joined the conspiracy with

9    knowledge of its object; that is, the Government must prove

10   the defendant knew an object of the conspiracy was to

11   distribute and to possess with intent to distribute a

12   controlled substance.  If you find that the defendant did not

13   know that an object of the conspiracy was to distribute and to

14   possess with intent to distribute a controlled substance, then

15   you must find the defendant not guilty.

16             Although the Government must prove that the

17   defendant knew the conspiracy related to controlled

18   substances, the Government does not have to prove that the

19   defendant knew the exact nature of the drugs, that is,

20   cocaine.  It is enough that the Government proves that the

21   defendant knew that the conspiracy related to some kind of

22   controlled substance.

23             Your knowledge -- your decision, your decision

24   whether the defendant knew the materials he possessed were

25   narcotics involves a decision about the defendant's state of

1    mind.  It is obviously, as I've said, impossible to prove

2    directly the operation of the defendant's mind, but a wise and

3    intelligent consideration of all the facts and circumstances

4    shown by the evidence and exhibits in this case may enable you

5    to defer what the defendant's state of mind was.  In our

6    everyday affairs, we are continuously called upon to decide

7    from the actions of others what their state of mind is.

8    Experience has taught us that frequently actions speak louder

9    and more clearly than spoken or written words.  Therefore, you

10   may well rely in part on circumstantial evidence in

11   determining the defendant's state of mind.

12            For example, if the defendant was a sole occupant of

13   a residence or a vehicle, it is reasonable to conclude that

14   the defendant knew about the items in a residence or a

15   vehicle.  The defendant's behavior may also indicate

16   knowledge.  Nervousness in the presence of the drugs or flight

17   from the site at which authorities have identified drugs may

18   indicate that the defendant knew that the materials in

19   question were narcotics.  Also the possession of a large

20   quantity of drugs may indicate that the defendant knew what he

21   had in his possession.  These examples are neither exhaustive

22   nor conclusive.  It is up to you, based upon all of the

23   evidence, to determine whether the defendant knew that he

24   possessed a controlled substance.

25            The word distribute means to deliver a narcotic.

1    Deliver is defined as the actual constructive or attempted

2    transfer of a narcotic.  Simply stated, the words distribute

3    and deliver mean to pass on or to hand over to another, or to

4    cause to be passed on or handed over to another, or to try to

5    pass on or hand over to another narcotics.  For example, if A

6    tells or orders B to hand over the drugs to C, then A has

7    caused the drugs to be handed over and, therefore, has

8    distributed them.

9         Distribution does not require a sale.  Activities in

10   furtherance of the ultimate sale such as vouching for the

11   quality of the drugs, negotiating for or receiving the price,

12   and supplying or delivering the drugs may constitute

13   distribution.  In short, distribution requires the concrete

14   involvement in the transfer of the drugs.

15        The Government, to prevail, must prove the essential

16   elements by the required degree of proof as already explained

17   in these instructions.  If it succeeds, your verdict should be

18   guilty.  If it fails, it should be not guilty.  To report a

19   verdict, it must be unanimous.  Your function is to weigh the

20   evidence in the case and determine whether or not the

21   defendant is guilty solely upon the basis of such evidence.

22        Each juror is entitled to his or her opinion.  Each

23   should, however, exchange views with his or her fellow jurors.

24   That is the very purpose of jury deliberation, to discuss and

25   consider the evidence, to listen to the arguments of fellow

1   jurors, to present your individual views, to consult with one

2   another, and to reach an agreement based solely and wholly on

3   the evidence, if you can do so without violence to your own

4   individual judgment.

5           Each of you must decide the case for yourself after

6   consideration with your fellow jurors of the evidence in the

7   case.  But you should not hesitate to change an opinion that,

8   after discussion with your fellow jurors, appears erroneous.

9   However, if after carefully considering all the evidence and

10  the arguments of your fellow jurors, you entertain a

11  conscientious view that differs from the others, you are not

12  to yield your convictions simply because you are outnumbered.

13  Your final vote must reflect your conscientious conviction as

14  to how the issue should be decided.  Your verdict, whether

15  guilty or not guilty, must be unanimous.

16          The question of possible punishment of the defendant

17  is of no concern to the jury and should not in any sense enter

18  into or influence your deliberations.  Your function is to

19  weigh the evidence in the case and determine whether or not

20  the defendant is guilty beyond a reasonable doubt solely upon

21  the basis of such evidence.  Under your oath as jurors, you

22  cannot allow consideration of the punishment which may be

23  imposed upon the defendant if he is convicted to influence

24  your verdict in any way or in any sense enter into your

25  deliberations.

1          When you retire, Juror No. 4 shall be your

2     foreperson.  I looked through the notes picking the jury, and

3     Juror Nos. 4 and 5 were the only jurors that had prior juror

4     experience, as I recall.  Juror No. 5, they didn't actually

5     deliberate, according to my notes, and Juror No. 4 actually

6     engaged in deliberations for a state jury.  So I've discussed

7     with the lawyers, and we all agreed Juror No. 4 shall be your

8     foreperson.  That is the person who will preside over the

9     deliberations and who will be your spokesperson here in court.

10    The foreperson runs the meeting, controls deliberations, and

11    communicates with the Court.

12         If you need to communicate with me, it should be by

13    written note signed by the foreperson.  If you have any

14    questions, want to hear something in the courtroom again,

15    whatever, you send a question out, and you sign it as the

16    foreperson.  The bailiff outside the door will give it to the

17    clerk, and she'll give it to me.  I'll bring the lawyers in,

18    and we'll discuss our response and then we will answer.

19         As I mentioned, a detailed verdict form has been

20    prepared for your convenience.  You will take this form to the

21    jury room, and when you have reached the unanimous agreement

22    as to your verdict, you will have your foreperson fill it in

23    and then date and sign the form.  As I noted earlier, in

24    addition to rendering a verdict on whether the defendant has

25    or has not been proven guilty, I am asking you to make

1    specific determinations as to Count 1 in the indictment about

2    the type and amount of controlled substance involved if you

3    find the defendant guilty.  Your answers to these questions

4    shall be a yes or no, and the answers must be unanimous.  All

5    of your answers will be noted on the verdict form.  Please

6    follow the instructions on the verdict form.

7              After all of you agree on the answers to the

8    questions on the verdict form, the foreperson should write the

9    answer, and initial and date the form.  After you have

10   completed the verdict form, please advise the Court by sending

11   a note through the marshal that you have received a verdict.

12   When I receive that note, I shall have you return with your

13   verdict to the courtroom.  You are not to indicate in any note

14   how the jury has voted.  You just indicate you have a verdict.

15   When we come back, then we'll go over the verdict.

16             The verdict form, which has been agreed upon, is as

17   follows: Count 1, conspiracy to distribute and to possess with

18   intent to distribute cocaine from in or about September 2016

19   to in or about December 2016.  How do you find the Defendant,

20   Jesus Chaidez-Meza, as to Count 1 of the indictment, guilty or

21   not guilty?

22             You'll check "guilty" or you'll check "not guilty."

23             If you have found the Defendant, Jesus Chaidez-Meza,

24   guilty as to Count 1, how much cocaine do you find was

25   involved in the offense?  You would choose only one of the

1    options, either less than 500 grams, less than 5 kilograms but

2    more than 500 grams, or 5 kilograms or more.

3            The foreperson will date it and sign it.  You will

4    hold the verdict form in your hand.  You will just send a note

5    out, we've reached a verdict.  When you come in the courtroom,

6    you'll have the verdict form in your hand.  The jury will take

7    the roll, and we'll ask to see the verdict form.  She will

8    show it to me, I'll hand it back to her, she'll hand it back

9    to you, and then you will be called to announce the verdict of

10   the jury.

11           Any notes you send out should not indicate where

12   you-all stand during your deliberations.  If you have a

13   question, just ask the question, but don't tell us how you

14   stand on the issue.

15           With that, Counsel, if you'll approach the bench,

16   please.

17       **(Bench conference on the record:**

18           THE COURT:  From the point of view of the

19   Government, are there any mistakes or corrections?

20           MR. WARWICK:  No, Your Honor.

21           THE COURT:  Thank you for your correction both

22   times.  Anything from your point of view?

23           MR. MARONICK:  The only thing I noticed -- and I

24   have to admit this is something I missed when we were going

25   through the charge conference -- there was no definition of

1    voluntarily.  I caught that because we were going through

2    willfully was there, intentionally was there.  Is that

3    something --

4            THE COURT:  No, I think it's woven in the form of

5    the instruction.  It really comes in the matter of definition

6    of intent, Mr. Maronick, in terms of voluntariness, intends to

7    do something or didn't do something.  I think that's been

8    covered.

9            Anything else from your point of view?

10           MR. MARONICK:  No, Your Honor.

11           THE COURT:  You-all may return to your tables.

12   Thank you.)

13       **(Bench conference concluded.)**

14           THE COURT:  I'm about to dismiss the alternate

15   jurors, Alternate Juror 1 and 2.  As you heard me say before,

16   on Monday when we excused the rest of the panel, you've been

17   part of a very important process in our government.  I want to

18   thank you for your participation here.  I will caution you, as

19   I always do -- and it actually turned out a few weeks ago to

20   be important -- you should not discuss this matter, either one

21   of you, with yourselves or anyone else when you leave.  You

22   have to make sure Ms. Tyson -- by the way, Ms. Tyson is here

23   in place of Ms. Herndon today.  I meant to introduce you

24   earlier, I apologize.

25           THE CLERK:  You did --

 1          THE COURT:  Did I?  Okay.

 2          She will need your mobile telephone numbers.  Just

 3  in case for some reason, a juror was taken ill, one of you --

 4  Alternate No. 1 would first come back, or if two people are

 5  taken ill, both of you would come back and you'd be part of

 6  the deliberations.  That did happen a few weeks ago.  We had

 7  to have Alternate No. 1 come back to deliberate, and so they

 8  were available.  So keep yourself available this afternoon and

 9  have a mobile telephone number on that.  Let me just take a

10  look here for one second, wait a minute.

11          Yes, Alternate No. 1, I think you're from the

12  Odenton area, so you would still be accessible.  Wouldn't be

13  that long a drive.  Alternate No. 2 is from Jarrettsville.  So

14  both of you are within a reasonable drive.  If that were to

15  happen, you'd just get in your car and come back.  We'd

16  arrange for you to park here at the courthouse; I'd find a way

17  to do that if we needed to get you.  You're able to find out

18  what the verdict is later, but just don't discuss it because

19  it may be that you're called back.

20          I want to thank both of you for your service.  We

21  have certificates of appreciation which I have signed that you

22  can take with you.  Again, I thank you for your attention to

23  this matter.  Thank you very much.

24          THE CLERK:  Do you want to excuse them before I

25  swear --

 1          THE COURT:  Yes, we'll excuse them now, please.

 2      (Alternate jurors left the courtroom.)

 3      (Pause.)

 4          THE COURT:  Thank you, Ms. Tyson.  If you will now

 5  swear the bailiff, please.

 6          THE CLERK:  Thank you.  Please raise your right

 7  hand.

 8      (Court Security Officer sworn.)

 9          THE CLERK:  Thank you.  Please state your name for

10  the record.

11          CSO:  Eric Eason.

12          THE CLERK:  Thank you.

13          THE COURT:  All right, ladies and gentlemen, you may

14  begin your deliberations, and you'll enter in the jury room;

15  your lunch will arrive in about an hour.  I'll stay up here on

16  the bench.  I've got to attend to a few things with the

17  lawyers.

18      (Jury left the courtroom at 10:40 a.m.)

19          THE COURT:  Counsel, if you'll go over with

20  Ms. Tyson because she was not here during the week, and she's

21  taking Ms. Herndon's place, carefully go over the exhibits

22  that were in evidence.  The plea agreements were marked for

23  identification only.

24          MR. WARWICK:  That's correct.

25          THE COURT:  That's the only one that occurs to me

 1    right away.  Michael has been here all week.  I think almost

 2    everything else was put in evidence.  There were a few marked

 3    for identification only, I know the plea agreements only were.

 4    Just carefully come to the clerk's desk and just go over those

 5    after I go off the bench, and just make sure you're easily

 6    available.

 7           Mr. Maronick, I hope you found the facilities down

 8    on the third floor.  It's a nice conference room down there.

 9    If you have any difficulties, let me know.  You've got

10    computer access, sort of set up shop there while you wait.

11    There's actually an old DVD down there if you want to plug it

12    in for the television.  I don't think they put a flat-screen

13    TV down there yet.

14           With that, this Court stands in recess, waiting

15    return of the verdict.  I've got a sentencing here at noon

16    here that I adjusted and another sentencing at 2:00.  I've got

17    a lunch meeting in my chambers at 1:00, so I'll be around.

18    Thank you-all very much for your work on this.  We'll wait the

19    return of the verdict from the jury.

20           Mr. Kerrigan, again, thank you for your assistance

21    here.

22           MR. KERRIGAN:  You're welcome, Your Honor.

23           THE COURT:  Damon trained you well, I guess.  He's

24    always done a very good job here with that.

25           With that, we will await return of the verdict of

1    the jury.  This Court stands in recess until noon.

2            THE CLERK:  All rise.  This Honorable Court is now

3    in recess.

4        (Recess taken at 10:42 a.m.)

5        (1:34 p.m.)

6            THE COURT:  Good afternoon, everyone.

7            MR. MARONICK:  Good afternoon, Your Honor.

8            MR. WARWICK:  Good afternoon, Judge.

9            THE COURT:  We have a note from the jury indicating

10   that "We have a verdict."  Government ready for the verdict?

11           MR. WARWICK:  Yes, Your Honor.

12           THE COURT:  Defense ready for the verdict?

13           MR. MARONICK:  Yes, Your Honor.

14           THE COURT:  Mr. Clerk, if you'll bring the jury

15   in.

16       (Jury entered the courtroom at 1:36 p.m.)

17           THE COURT:  You-all may be seated.  Thank you very

18   much.  I understand you have a note that you have a verdict;

19   is that correct?

20           FOREPERSON:  Yes, sir.

21           THE COURT:  Madam Clerk, if you'll take attendance

22   of the roll, please.

23           THE CLERK:  Thank you.  We are here to receive the

24   verdict in Criminal No. RDB-19-0165, United States of America

25   versus Jesus Chaidez-Meza.

```
 1              Members of the jury, will you please answer with
 2    "here" as I call your juror number.
 3              Juror No. 1.
 4              JUROR:  Here.
 5              THE CLERK:  Juror No. 2.
 6              JUROR:  Here.
 7              THE CLERK:  Juror No. 3.
 8              JUROR:  Here.
 9              THE CLERK:  Juror No. 4.
10              JUROR:  Here.
11              THE CLERK:  Juror No. 5.
12              JUROR:  Here.
13              THE CLERK:  Juror No. 6.
14              JUROR:  Here.
15              THE CLERK:  Juror No. 7.
16              JUROR:  Here.
17              THE CLERK:  Juror No. 8.
18              JUROR:  Here.
19              THE CLERK:  Juror No. 9.
20              JUROR:  Here.
21              THE CLERK:  Juror No. 10.
22              JUROR:  Here.
23              THE CLERK:  Juror No. 11.
24              JUROR:  Here.
25              THE CLERK:  And Juror No. 12.
```

```
 1              JUROR:  Here.

 2              THE CLERK:  Members of the jury, have you agreed on

 3   your verdict?

 4              ALL JURORS:  Yes.

 5              THE CLERK:  And who shall speak for you?

 6              FOREPERSON:  I will.

 7              THE CLERK:  Thank you.  Mr. Foreman, will you please

 8   rise.  Has the verdict form which was submitted to the jury

 9   been answered, signed and dated by you?

10              FOREPERSON:  Yes.

11              THE CLERK:  Please present it to me so I may give it

12   to the judge.  Thank you.

13        (Document tendered to the clerk, to the judge.)

14              THE COURT:  Thank you, Ms. Tyson.

15        (Document tendered to the clerk, to the foreperson.)

16              THE CLERK:  Mr. Foreman, as I read the question,

17   please provide the answers.

18              Count 1, conspiracy to distribute and to possess

19   with intent to distribute cocaine in or about September 2016

20   to in or about December 2016.  How do you find the Defendant,

21   Jesus Chaidez-Meza, as to Count 1 of the indictment: guilty or

22   not guilty?

23              FOREPERSON:  Guilty.

24              THE CLERK:  In finding the Defendant, Jesus

25   Chaidez-Meza, guilty as to Count 1, how much cocaine do you
```

1    find was involved in the offense?

2           FOREPERSON:  Five kilograms or more.

3           THE COURT:  All right.  The verdict of the jury has

4    been returned.

5           Would you like a poll of the jury, Mr. Maronick?

6           MR. MARONICK:  Yes, Your Honor.

7           THE COURT:  All right.  The jury will be polled,

8    please.

9           THE CLERK:  Thank you, Your Honor.

10          Juror No. 1, having heard the verdict as delivered

11   by your foreperson, is that your verdict also?

12          JUROR:  Yes.

13          THE CLERK:  Juror No. 2, having heard the verdict as

14   delivered by your foreperson, is that your verdict also?

15          JUROR:  Yes.

16          THE CLERK:  Juror No. 3, having heard the verdict as

17   delivered by your foreperson, is that your verdict also?

18          JUROR:  Yes.

19          THE CLERK:  Juror No. 4, having delivered the

20   verdict, is that your verdict also?

21          FOREPERSON:  Yes.

22          THE CLERK:  Juror No. 5, having heard the verdict as

23   delivered by your foreperson, is that your verdict also?

24          JUROR:  Yes.

25          THE CLERK:  Juror No. 6, having heard the verdict as

```
1    delivered by your foreperson, is that your verdict also?

2            JUROR:  Yes.

3            THE CLERK:  Juror No. 7, having heard the verdict

4    delivered by your foreperson, is that your verdict also?

5            JUROR:  Yes.

6            THE CLERK:  Juror No. 8, having heard the verdict as

7    delivered by your foreperson, is that your verdict also?

8            JUROR:  Yes.

9            THE CLERK:  Juror No. 9, having heard the verdict

10   delivered by your foreperson, is that your verdict also?

11           JUROR:  Yes.

12           THE CLERK:  Juror No. 10, having heard the verdict

13   as delivered by your foreperson, is that your verdict also?

14           JUROR:  Yes.

15           THE CLERK:  Juror No. 11, having heard the verdict

16   delivered by your foreperson, is that your verdict also?

17           JUROR:  Yes.

18           THE CLERK:  And Juror No. 12, having heard the

19   verdict as delivered by your foreperson, is that your verdict

20   also?

21           JUROR:  Yes.

22           THE CLERK:  Members of the jury, you've heard the

23   verdicts and answers thereto as delivered by your foreperson,

24   and they have been recorded, and each of you do agree?

25           ALL JURORS:  Yes.
```

```
 1              THE CLERK:  Verdict recorded.
 2              THE COURT:  The verdict shall now be recorded, a
 3    verdict of guilty as to the one-count indictment with a
 4    determination of 5 kilograms or more in terms of drug
 5    quantity.
 6              Ladies and gentlemen, I want to thank you for your
 7    service here this week as jurors in this case.  You've heard
 8    me mention already to the alternates when they were dismissed,
 9    and you heard me mention on Monday when the overall panel was
10    dismissed, jury duty is among the highest callings we can ask
11    of our citizens.  But for military service, there's no greater
12    calling we can ask.
13              Because of this court's proximity to Washington, we
14    have been guests of many foreign delegations.  I've been to
15    Eastern Europe numerous times.  We've had judges as recently
16    as two months ago from Russia who were here, and judges around
17    the world marvel at our jury system with respect to criminal
18    cases.  It's the bedrock of our democracy, the bedrock of our
19    government, and you-all have been part of a very important
20    process of our government, and I want to thank all of you.  We
21    have certificates of appreciation to give you.
22              I always come in and talk to the jurors after jury
23    service.  It's a free country; you can talk to whomever you
24    want, but we don't permit lawyers to question jurors out in
25    the hallway when they finish.  We respect your privacy.  But I
```

1   always talk to jurors after jury service and get any feedback

2   from them of any kind to always try to tweak the system, make

3   it as good as we can get it.

4          With that, you are excused.  Stay in the jury room

5   for a few minutes; I'm going to talk with you in a few

6   minutes.  Thank you very much.  I thank you for your service.

7   You are excused, and the verdict has been entered.

8          Mike, if you will take them in the jury room.  I

9   will be with you-all in about two or three minutes.

10       (Jury left the courtroom at 1:42 p.m.)

11          THE COURT:  The Government may be seated.

12          Mr. Chaidez-Meza, if you'll remain standing, sir.

13   Let me explain the process here with respect to what occurs

14   next.  I'm going to give you a sentencing date in a moment.

15   Given that you have been convicted, a determination is

16   ordinarily made as to whether or not you shall remain in

17   custody.  Under Section 3143 of Title 18 of the United States

18   Code, a person who has been found guilty of an offense and is

19   waiting imposition of sentence shall be detained, continue to

20   be detained unless I determine by clear and convincing

21   evidence that you're not likely to flee or pose a danger to

22   the community.  Clearly under those factors, you are going to

23   remain detained.

24          As I understand it, Mr. Warwick, the defendant faces

25   a mandatory minimum sentence of 10 years' imprisonment; is

1   that correct?

2            MR. WARWICK:  Yes, it is, Your Honor.

3            THE COURT:  So you clearly are not going to be

4   released.  But let me explain the process here.  I'm going to

5   enter a sentencing date.  You will have a U.S. probation

6   officer assigned to the case.  You will meet with him or her.

7   Mr. Maronick will be with you when you meet with the probation

8   officer, and he or she will prepare a presentence

9   investigation report.  And then the Government will see it,

10  and Mr. Maronick will see it.  He'll go over it with you.

11  Either side can note any objection to it.  Then ultimately it

12  will come to me with respect to the sentencing in this case.

13           You will be given an opportunity to speak at

14  sentencing.  We'll have interpreters there as we've had

15  throughout the trial.  I will hear from Mr. Maronick, and

16  you'll be permitted to present any character witnesses whom

17  you so choose.

18           The initial presentence investigation report,

19  Counsel, will be prepared by December 4th.  Any objections

20  should be noted by December 18th.  This sentencing shall be on

21  February 3rd at 3:00 p.m.  If either side desires to call any

22  witnesses, you should notify opposing counsel and the Court by

23  January 20th.  Sentencing memoranda are not required.  This

24  regular sentencing order will note if anyone is going to

25  submit a sentencing memo, you should do so by January 20th.

1   As I think Mr. Warwick and Mr. Izant are aware, Mr. Maronick,

2   I'm not a real stickler on that.  I don't need to have it two

3   weeks ahead of time.  It's a regular sentencing order.  If you

4   get it to me the week before, that is perfectly fine.

5          Mr. Chaidez-Meza, let me emphasize also what the

6   process here is.  There are federal sentencing guidelines that

7   are discussed by two leading cases of the Supreme Court of the

8   United States, the *United States v. Booker* and *Gall v. United*

9   *States*.  There will be a guideline calculation, and I'll look

10  at that calculation as well, but as you were advised before

11  the trial started on Monday, there is a mandatory minimum

12  sentence of 10 years' imprisonment as to which I have no

13  discretion.  That's ordered by Congress.

14         The sentencing guidelines that will be in your

15  report are advisory in terms of where above that, if I

16  consider to sentence you above that.  But the mandatory

17  minimum here, required by law from the U.S. Congress, is 10

18  years in prison.

19         I will sign this regular sentencing order here

20  today.

21         MR. MARONICK:  That's February 3rd at what time,

22  Your Honor?

23         THE COURT:  February 3rd, Mr. Maronick, at 3:00 p.m.

24  February 3rd at 3:00 p.m.

25         With that, I'm going to go in and talk to the jury,

```
1   give them their certificates, and thank them for their

2   service.  You don't have to stay.  Mr. Maronick, you don't

3   have to stay, but you're welcome --

4        (Defendant conferred with counsel.)

5            THE COURT:  If you want me to explain again, if his

6   question is a matter of mandatory minimum?

7            MR. MARONICK:  Yes, Your Honor.

8            THE COURT:  The mandatory minimum sentence by law,

9   the United States Congress has dictated to federal judges -- I

10  shouldn't say dictated -- has established a mandatory minimum

11  sentence, as I indicated to you when the trial started Monday.

12  I have no authority to sentence you to less than 10 years in

13  prison, in light of the determination of guilt on this case

14  and the drug quantity which has been determined by the jury.

15  I have no -- I cannot sentence you to less than 10 years in

16  prison.  I'll be looking at the presentence investigation

17  report to consider whether or not I need to sentence you to

18  more than that.

19           The Government can take a position, your lawyer can

20  argue your position, I'll hear from you, and I'll make a

21  determination.  But the bottom level is 10 years in prison.  I

22  cannot, under any circumstances under law, sentence you to

23  less than 10 years in prison.  Do you understand that?

24           THE DEFENDANT:  Yes.

25           THE COURT:  All right.  So that will be the process
```

1   here.  You-all do not need to stay.  I'll talk to the jury,

2   and if you want to stay, Mr. Izant, I'll be glad to talk with

3   you.  Mr. Maronick, you're certainly welcome as well to stay,

4   if you so desire.  I'll be going in and talking to the jury

5   right now.

6          So with that, this Court stands adjourned --

7          MR. WARWICK:  Thank you for your time, Your Honor --

8          MR. MARONICK:  Thank you, Your Honor --

9          THE COURT:  -- actually in recess because I have

10   another case coming.  I'll await the departure of the

11   defendant before I come back into the well of the courtroom.

12   The defendant will be taken down to the sixth floor holding

13   area.

14          THE CLERK:  This Honorable Court is now in recess.

15     (Proceedings concluded at 1:48 p.m.)

16

17         I, Patricia G. Mitchell, RMR, CRR, do hereby certify
that the foregoing is a correct transcript from the
stenographic record of proceedings in the above-entitled

18 matter.

19         Dated this 19th day of January 2021.

20

21          *Patricia G. Mitchell*

22        _____
         Patricia G. Mitchell
        Official Court Reporter

23

24

25

1                          I N D E X

2

3                                                    Page

4     JURY CHARGE ....................................    4

5     VERDICT ........................................   45

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

< Dates >.

**December 18th** 52:20 .
**December 2016** 39:19, 47:20 .
**December 4th** 52:19 .
**February 3rd** 52:21, 53:21, 53:23, 53:24 .
**January 2021.** 55:22 .
**October 25, 2019** 1:17 .
**September 2016** 39:18, 47:19 .
**(1:34** 45:5 .
**(9:40** 2:2 .

.

.

< 1 >.

**1** 20:12, 20:21, 20:23, 21:17, 31:23, 39:1, 39:17, 39:20, 39:24, 41:15, 42:4, 42:7, 42:11, 46:3, 47:18, 47:21, 47:25, 48:10 .
**1.** 32:10 .
**10** 26:21, 46:21, 49:12, 51:25, 53:12, 53:17, 54:12, 54:15, 54:21, 54:23 .
**101** 1:49 .
**10:40** 43:18 .
**10:42** 45:4 .
**11** 3:13, 46:23, 49:15 .
**12** 4:15, 46:25, 49:18 .
**15** 26:21 .
**18** 51:17 .
**19-cr-00165-rdb-1** 1:10 .
**19th** 55:22 .
**1:** 1:10 .
**1:00** 44:17 .
**1:36** 45:16 .
**1:42** 51:10 .
**1:48** 55:15 .

.

< 2 >.

**2** 42:13, 46:5, 48:13 .
**2.** 41:15 .
**2016** 21:1, 21:2 .
**20th** 52:23, 52:25 .
**21201** 1:50 .
**29** 23:17 .
**29.** 23:14 .
**2:00.** 44:16 .

.

< 3 >.

**3** 46:7, 48:16 .
**31** 28:9 .
**3143** 51:17 .
**3:00** 52:21, 53:23, 53:24 .

.

< 4 >.

**4** 38:1, 38:3, 38:5, 38:7, 46:9, 48:19, 56:5 .
**43** 28:1 .
**45** 56:7 .
**4th** 1:49 .

.

< 5 >.

**5** 21:8, 38:3, 38:4, 40:1, 40:2, 46:11, 48:22, 50:4 .
**500** 40:1, 40:2 .
**5D** 1:23 .

.

< 6 >.

**6** 46:13, 48:25 .

.

< 7 >.

**7** 46:15, 49:3 .

.

< 8 >.

**8** 46:17, 49:6 .

.

< 9 >.

**9** 46:19, 49:9 .
**9:42** 4:2 .

.

.

< A >.

**a.m.** 2:2, 4:2, 43:18, 45:4 .
**able** 4:4, 42:17 .
**above** 22:3, 53:15, 53:16 .
**above-entitled** 55:19 .
**absence** 31:11 .
**absent** 3:18 .
**Abuse** 21:12 .
**accept** 5:7, 19:9, 19:21 .

**accepted** 7:8, 7:11 .
**access** 44:10 .
**accessible** 42:12 .
**accident** 27:8, 28:16, 29:9 .
**accidentally** 28:2 .
**accomplice** 17:2, 17:8, 17:13, 18:8 .
**accomplices** 17:10, 17:21, 17:23 .
**accomplish** 22:16, 30:21 .
**accomplished** 22:14 .
**accomplishment** 23:4, 26:13 .
**accordance** 10:4 .
**accorded** 7:25 .
**according** 38:5 .
**Accordingly** 29:13, 29:22, 30:8, 30:24 .
**account** 16:13 .
**accountable** 32:14, 32:17, 32:20, 32:25, 33:6, 33:12 .
**accurate** 16:13, 16:22 .
**accurately** 16:3 .
**accusation** 10:14, 20:15 .
**acquiescence** 26:6 .
**acquit** 11:17 .
**acquittal** 9:19 .
**Act** 7:8, 21:12, 22:1, 22:16, 23:4, 25:18, 27:17, 28:22, 29:10, 29:11, 29:12, 30:5, 30:6, 30:7 .
**acted** 27:5, 27:9, 27:14, 28:3, 28:13, 28:16, 28:21, 29:3, 29:5, 29:6 .
**actions** 22:24, 23:1, 30:3, 35:7, 35:8 .
**Activities** 25:6, 36:9 .
**activity** 17:6 .
**acts** 22:2, 24:24, 25:15, 26:7, 27:7, 28:14, 29:7, 29:12, 29:15, 30:6, 30:10, 30:13, 30:14, 30:24, 31:2, 31:3, 31:7, 31:10, 31:14, 31:15, 31:17, 33:18, 33:20, 34:1 .
**actual** 33:19, 36:1 .
**actually** 16:25, 32:21, 33:13, 38:4, 38:5, 41:19, 44:11, 55:9 .
**addition** 38:24 .

additional 32:2 .
address 32:8 .
adjourned 55:6 .
adjusted 44:16 .
adjustment 10:21 .
admissibility 8:12, 8:16 .
admissible 8:7 .
admit 40:24 .
admitted 18:20, 30:12 .
adverse 14:1 .
advise 39:10 .
advised 26:17, 53:10 .
advisory 53:15 .
affairs 35:6 .
affect 16:9 .
afternoon 42:8, 45:6, 45:7,
    45:8 .
age 8:25 .
Agent 1:39, 30:22, 33:24 .
ago 24:16, 41:19, 42:6,
    50:16 .
agree 21:5, 39:7, 49:24 .
agreed 13:6, 13:17, 22:2, 38:7,
    39:16, 47:2 .
agreement 13:5, 13:15, 21:20,
    22:7, 22:10, 22:19, 23:1,
    24:18, 24:21, 26:19, 37:2,
    38:21 .
agreements 43:22, 44:3 .
ahead 53:3 .
aiding 26:13 .
aims 24:21, 26:3 .
alleged 20:10, 22:9, 22:11,
    24:25, 25:22, 31:24 .
allow 9:3, 37:22 .
allowing 30:17 .
allows 17:8 .
almost 34:6, 44:1 .
alone 5:15, 9:10, 11:16,
    14:17 .
already 8:15, 11:2, 36:16,
    50:8 .
Alternate 41:14, 41:15, 42:4,
    42:7, 42:11, 42:13, 43:2 .
alternates 50:8 .
Although 10:13, 34:16 .
ambit 25:19 .
America 1:5, 7:24, 45:24 .
among 13:5, 13:15, 50:10 .
amount 21:9, 32:5, 32:7,

39:2 .
announce 40:9 .
answer 6:13, 38:18, 39:9,
    46:1 .
answered 47:9 .
answers 6:18, 6:21, 7:11, 7:12,
    13:1, 39:3, 39:4, 39:5, 39:7,
    47:17, 49:23 .
anyway 23:15 .
apologize 28:10, 41:24 .
Apparently 28:8 .
appear 15:21, 16:1, 20:2 .
appears 37:8 .
applicable 20:7 .
apply 5:7, 33:17 .
appreciation 42:21, 50:21 .
apprised 25:5 .
approach 27:22, 40:15 .
area 42:12, 55:13 .
argue 54:20 .
argues 17:4, 17:5 .
arguments 3:21, 4:8, 5:5, 6:10,
    14:6, 17:18, 36:25,
    37:10 .
arising 18:10 .
Around 2:9, 44:17, 50:16 .
arrange 42:16 .
arrive 9:15, 43:15 .
assembled 26:3 .
assigned 10:9, 52:6 .
assistance 44:20 .
Assistant 1:30 .
assisted 26:17 .
associate 24:6 .
association 25:24, 27:2 .
assumed 12:23 .
assumes 12:20 .
attach 13:25 .
attack 19:17 .
attempt 21:16 .
attempted 32:18, 33:8,
    36:1 .
attend 43:16 .
attendance 45:21 .
attention 4:13, 4:19, 5:1, 5:2,
    42:22 .
attitude 7:18 .
attorney 5:12, 8:4, 8:6, 8:11,
    8:12 .
Attorneys 1:30, 14:5 .

attributable 32:12, 34:4 .
authorities 35:17 .
authority 54:12 .
automatically 25:25 .
available 29:25, 42:8, 44:6 .
await 44:25, 55:10 .
aware 53:1 .
awareness 24:20 .
away 44:1 .
.
.
< B > .
back 3:13, 11:3, 28:1, 39:15,
    40:8, 42:4, 42:5, 42:7, 42:15,
    42:19, 55:11 .
bailiff 38:16, 43:5 .
Baltimore 1:16, 1:50 .
bar 8:3 .
base 5:20 .
based 8:20, 9:6, 10:2, 15:3,
    35:22, 37:2 .
basic 24:20 .
basically 20:18 .
basis 9:12, 14:7, 14:12, 36:21,
    37:21 .
bear 6:12, 33:25 .
bearing 25:12 .
became 21:24, 23:9, 23:22,
    31:25 .
become 25:3 .
becomes 26:18, 30:22 .
becoming 27:5, 27:14, 28:13,
    28:21, 29:3 .
bedrock 50:18 .
began 11:22 .
begin 43:14 .
begins 11:15 .
behavior 17:7, 35:15 .
believability 6:6 .
believe 15:19, 16:6, 17:3, 17:16,
    18:1, 18:3, 23:11 .
believed 17:25 .
believes 8:6 .
Bench 8:9, 27:25, 28:7, 40:15,
    40:17, 41:13, 43:16,
    44:5 .
benefit 17:23 .
Bennett 1:22 .
best 18:2 .
beyond 9:21, 9:25, 11:5, 11:14,

11:18, 11:25, 13:21, 15:6,
17:12, 21:19, 22:5, 23:7,
23:20, 29:2, 29:5, 31:5, 32:8,
37:20 .
**bias** 7:5, 7:10, 7:17, 9:14, 16:7,
16:11 .
**biggest** 3:19 .
**binding** 7:13 .
**Booker** 53:8 .
**bottom** 54:21 .
**Brian** 1:39 .
**briefly** 27:23 .
**bring** 2:13, 2:18, 3:16, 38:17,
45:14 .
**brought** 2:7, 2:10, 4:5, 7:23 .
**burden** 8:23, 9:2, 9:20, 11:5,
11:6, 11:8, 11:20, 12:3,
13:21, 13:22, 21:17, 27:4,
27:13, 28:12, 28:20,
32:6 .
**business** 24:5 .
.
.
**< C >.**
**calculation** 53:9, 53:10 .
**call** 19:25, 46:2, 52:21 .
**called** 10:8, 10:10, 12:7, 20:10,
29:23, 35:6, 40:9, 42:19 .
**calling** 11:8, 50:12 .
**callings** 50:10 .
**candid** 15:21 .
**car** 42:15 .
**care** 17:15, 18:23 .
**careful** 5:2, 11:19 .
**carefully** 4:23, 15:15, 37:9,
43:21, 44:4 .
**carelessness** 27:9, 28:16 .
**carrying** 16:25, 30:23 .
**case** 4:10, 4:18, 5:4, 5:24, 7:15,
7:19, 8:5, 9:7, 9:10, 11:8,
11:20, 13:2, 13:13, 13:19,
15:12, 16:19, 17:13, 18:11,
19:5, 19:20, 20:2, 20:18,
22:22, 27:11, 28:18, 35:4,
36:20, 37:5, 37:7, 37:19,
42:3, 50:7, 52:6, 52:12,
54:13, 55:10 .
**cases** 20:7, 22:24, 50:18,
53:7 .
**caught** 41:1 .

**cause** 16:10, 16:12, 18:4, 18:5,
36:4 .
**caused** 36:7 .
**caution** 17:15, 25:21, 26:5,
41:18 .
**certain** 6:23, 12:20, 13:4, 13:5,
13:16, 18:20, 18:21,
30:4 .
**certainly** 27:24, 55:3 .
**certificates** 42:21, 50:21,
54:1 .
**certify** 55:17 .
**Chaidez-meza** 1:10, 3:25, 13:18,
18:17, 20:22, 21:3, 21:11,
39:20, 39:23, 45:25, 47:21,
47:25, 51:12, 53:5 .
**chambers** 44:17 .
**change** 37:7 .
**character** 26:16, 52:16 .
**characterized** 22:21 .
**CHARGE** 9:13, 10:8, 10:11,
20:12, 20:14, 32:10, 40:25,
56:5 .
**charged** 7:22, 9:4, 9:12, 10:7,
17:1, 18:21, 20:9, 20:10,
21:11, 22:7, 23:3, 23:23,
24:14, 27:6, 27:14, 28:13,
28:21, 29:4, 31:6, 31:23 .
**charges** 11:10, 18:10, 18:14,
20:21, 20:25, 30:15 .
**charging** 10:10 .
**check** 39:22 .
**choose** 16:6, 39:25, 52:17 .
**circumstances** 15:16, 22:22,
27:11, 28:18, 29:15, 30:9,
35:3, 54:22 .
**Circumstantial** 12:4, 12:7,
12:14, 14:14, 14:23, 15:4,
35:10 .
**citizens** 50:11 .
**claims** 18:20 .
**clean** 11:15 .
**clear** 4:20, 9:13, 15:10,
51:20 .
**Clearly** 29:11, 30:5, 35:9, 51:22,
52:3 .
**CLERK** 2:6, 2:9, 2:12, 38:17,
41:25, 42:24, 43:6, 43:9,
43:12, 44:4, 45:2, 45:14,
45:21, 45:23, 46:5, 46:7,

46:9, 46:11, 46:13, 46:15,
46:17, 46:19, 46:21, 46:23,
46:25, 47:2, 47:5, 47:7,
47:11, 47:13, 47:15, 47:16,
47:24, 48:9, 48:13, 48:16,
48:19, 48:22, 48:25, 49:3,
49:6, 49:9, 49:12, 49:15,
49:18, 49:22, 50:1,
55:14 .
**client** 8:11 .
**close** 4:19, 5:1 .
**closely** 23:18 .
**closing** 3:21, 6:10 .
**co-conspirator** 31:14, 33:22,
33:23 .
**co-conspirators** 23:4, 24:25,
30:16, 33:19, 33:25 .
**cocaine** 21:9, 32:5, 34:20, 39:18,
39:24, 47:19, 47:25 .
**Code** 51:18 .
**color** 18:6 .
**colored** 19:19 .
**combine** 21:4 .
**comes** 41:5 .
**coming** 55:10 .
**commit** 22:2 .
**committed** 30:14, 33:22 .
**common** 13:10, 14:8, 14:24,
16:4, 22:17, 23:2, 26:3,
31:1 .
**communicate** 38:12 .
**communicates** 38:11 .
**community** 7:21, 51:22 .
**compare** 15:24 .
**competency** 7:9 .
**complete** 7:18, 32:9 .
**completed** 39:10 .
**completely** 16:13, 20:19 .
**computer** 1:43, 44:10 .
**concern** 7:20, 37:17 .
**concerned** 5:18 .
**concerning** 7:9 .
**conclude** 12:16, 14:11,
35:13 .
**concluded** 55:15 .
**concluded.** 28:7, 41:13 .
**conclusion** 14:20 .
**conclusions** 15:11, 18:12 .
**conclusive** 35:22 .
**conclusively** 29:11, 30:5 .

concrete 36:13 .
conduct 22:22, 26:2, 27:2,
    27:10, 27:18, 27:20, 28:17,
    28:23, 28:25, 30:3 .
confederate 21:5 .
confederates 30:15 .
conference 8:13, 27:25, 28:7,
    40:17, 40:25, 41:13,
    44:8 .
conferences 8:8 .
conferred 54:4 .
conflicts 6:2 .
Congress 53:13, 53:17,
    54:9 .
connection 6:11, 25:3,
    26:23 .
conscientious 37:11, 37:13 .
conscious 29:8 .
consider 5:16, 6:22, 8:22, 12:3,
    12:15, 12:24, 13:10, 14:3,
    16:15, 16:17, 17:20, 19:6,
    19:7, 20:8, 23:1, 24:2, 24:13,
    31:13, 32:13, 36:25, 53:16,
    54:17 .
consideration 5:10, 7:15, 7:24,
    8:1, 11:19, 19:15, 35:3, 37:6,
    37:22 .
considerations 17:17 .
considered 13:8, 13:9, 20:15,
    31:9, 31:20 .
considering 14:24, 24:1,
    37:9 .
consist 26:25 .
consistent 15:25 .
consists 6:18, 13:2 .
Conspiracy 20:22, 21:24, 22:6,
    22:9, 22:20, 22:24, 23:8,
    23:9, 23:18, 23:21, 23:22,
    23:23, 23:25, 24:1, 24:3,
    24:8, 24:14, 24:20, 24:23,
    25:4, 25:8, 25:11, 25:20,
    25:23, 25:24, 26:4, 26:9,
    26:12, 26:16, 26:22, 26:24,
    27:2, 27:3, 27:6, 27:15,
    28:14, 28:22, 29:4, 30:18,
    30:19, 30:21, 30:23, 31:1,
    31:2, 31:6, 31:8, 31:9, 31:19,
    31:20, 31:23, 31:24, 31:25,
    32:10, 32:22, 33:1, 33:3,
    33:5, 33:7, 33:11, 33:14,

    33:15, 33:22, 33:24, 34:2,
    34:8, 34:10, 34:13, 34:17,
    34:21, 39:17, 47:18 .
conspirator 24:17, 25:13,
    26:20 .
conspirators 22:11, 22:15,
    25:16, 30:22 .
conspire 21:5, 21:16 .
conspired 32:6 .
constitute 36:12 .
Constitution 13:19 .
constructive 36:1 .
consult 37:1 .
contained 12:25, 20:12 .
containing 21:9 .
context 22:24 .
continue 11:23, 51:19 .
continuing 21:1 .
continuously 35:6 .
contradictory 15:25 .
contribute 21:22 .
Control 21:12 .
controlled 20:23, 21:10, 21:15,
    21:21, 21:22, 21:25, 32:7,
    32:11, 34:4, 34:12, 34:14,
    34:17, 34:22, 35:24,
    39:2 .
controls 38:10 .
convenience 38:20 .
convict 15:7 .
convicted 19:3, 19:8, 37:23,
    51:15 .
conviction 17:11, 19:6,
    37:13 .
convictions 37:12 .
convinced 11:18, 11:24 .
convincing 51:20 .
copy 2:20, 2:24, 3:1, 3:4, 3:8,
    3:9, 3:10, 3:12, 3:14, 4:14,
    4:15, 4:17, 6:24, 10:16 .
Correct 10:22, 10:24, 28:6,
    43:24, 45:19, 52:1,
    55:18 .
correction 40:21 .
corrections 40:19 .
correctly 3:9 .
Counsel 3:19, 4:8, 4:24, 8:7,
    17:3, 19:17, 40:15, 43:19,
    52:19, 52:22 .
counsel. 54:4 .

Count 10:9, 20:10, 20:12, 20:21,
    20:23, 21:17, 31:23, 32:10,
    39:1, 39:17, 39:20, 39:24,
    47:18, 47:21, 47:25 .
country 50:23 .
course 22:18 .
courthouse 42:16 .
Courtroom 1:23, 2:17, 3:21, 4:2,
    13:14, 38:14, 39:13, 40:5,
    43:18, 45:16, 51:10,
    55:11 .
courtroom. 43:2 .
courts 17:9 .
covered 41:8 .
credence 18:7 .
credibility 6:1, 6:5, 8:18, 15:8,
    16:20, 17:17, 19:7,
    19:18 .
crime 7:22, 9:4, 9:12, 10:7,
    16:25, 19:3, 20:8, 20:10,
    21:13, 25:22, 30:18,
    30:19 .
Criminal 1:9, 7:20, 11:8, 17:6,
    17:7, 20:7, 26:1, 33:25,
    45:24, 50:17 .
cross-examination 12:19,
    15:24 .
CRR 1:47, 55:17 .
CSO 43:11 .
custody 51:17 .
.
.
< D > .
D. 1:22 .
Damon 44:23 .
danger 51:21 .
dangerous 29:21 .
date 38:23, 39:9, 40:3, 51:14,
    52:5 .
Dated 47:9, 55:22 .
day 55:22 .
DEA 1:39 .
deal 17:1 .
December 21:2 .
decide 4:9, 4:18, 5:9, 5:23, 6:4,
    9:10, 9:24, 14:17, 15:17,
    16:21, 17:15, 29:23, 32:1,
    35:6, 37:5 .
decided 8:10, 37:14 .
Deciding 15:12, 16:4, 16:19,

18:7, 18:21, 19:9, 23:25,
    31:14 .
decision 8:22, 14:11, 15:19,
    18:15, 19:20, 34:23,
    34:25 .
decision-making 9:5 .
declaration 30:25 .
declarations 31:4 .
deduction 14:20 .
deemed 24:8, 31:2, 33:23 .
DEFENDANT 1:12, 1:33, 7:21,
    8:24, 9:11, 9:17, 9:21, 10:1,
    10:4, 10:7, 10:13, 10:15,
    11:4, 11:6, 11:8, 11:10, 11:11,
    11:15, 11:17, 11:21, 11:22,
    11:25, 13:18, 13:23, 13:24,
    13:25, 14:3, 15:6, 15:10,
    16:8, 18:13, 18:17, 18:19,
    18:22, 20:9, 20:12, 20:15,
    20:16, 20:21, 21:11, 21:23,
    22:2, 23:8, 23:21, 23:25,
    24:2, 24:8, 24:12, 24:14,
    24:16, 24:19, 24:22, 25:1,
    25:4, 25:6, 25:10, 25:12,
    25:13, 25:19, 25:21, 25:25,
    26:7, 26:9, 26:11, 26:15,
    26:24, 27:1, 27:4, 27:5, 27:9,
    27:10, 27:14, 27:20, 28:3,
    28:13, 28:16, 28:17, 28:21,
    28:25, 29:3, 29:5, 29:6, 29:7,
    29:8, 30:13, 30:16, 30:17,
    31:6, 31:10, 31:11, 31:15,
    31:23, 31:24, 32:5, 32:10,
    32:12, 32:14, 32:17, 32:20,
    32:22, 32:25, 33:4, 33:6,
    33:10, 33:11, 33:17, 33:19,
    33:21, 34:4, 34:8, 34:10,
    34:12, 34:15, 34:17, 34:19,
    34:21, 34:24, 34:25, 35:2,
    35:5, 35:11, 35:12, 35:14,
    35:15, 35:18, 35:20, 35:23,
    36:21, 37:16, 37:20, 37:23,
    38:24, 39:3, 39:19, 39:23,
    47:20, 47:24, 51:24, 54:4,
    54:24, 55:11, 55:12 .
defendants 21:4 .
Defense 3:1, 14:16, 19:17,
    45:12 .
defer 35:5 .
defined 36:1 .

definition 40:25, 41:5 .
degree 36:16 .
delegations 50:14 .
deliberate 5:17, 38:5, 42:7 .
deliberately 29:6 .
deliberation 36:24 .
deliberations 10:20, 11:12,
    11:24, 14:4, 17:20, 37:18,
    37:25, 38:6, 38:9, 38:10,
    40:12, 42:6, 43:14 .
Deliver 35:25, 36:1, 36:3 .
delivered 48:10, 48:14, 48:17,
    48:19, 48:23, 49:1, 49:4,
    49:7, 49:10, 49:13, 49:16,
    49:19, 49:23 .
delivering 36:12 .
democracy 50:18 .
denies 12:22 .
departure 55:10 .
depend 15:20 .
describes 20:14 .
describing 12:2 .
deserve 19:1 .
deserves 19:23 .
deserving 19:15 .
design 22:17, 23:3 .
desire 55:4 .
desires 52:21 .
desk 44:4 .
detail 22:13 .
detailed 38:19 .
details 25:7 .
detained 51:19, 51:20,
    51:23 .
detectable 21:9 .
determination 50:4, 51:15,
    54:13, 54:21 .
determinations 39:1 .
determine 5:8, 6:1, 31:15, 35:23,
    36:20, 37:19, 51:20 .
determined 6:4, 54:14 .
determining 6:7, 7:7, 22:25,
    24:13, 32:11, 35:11 .
developed 8:21 .
devised 29:24 .
dictated 54:9, 54:10 .
different 5:13, 14:13, 15:11,
    25:16 .
differs 37:11 .
difficulties 44:9 .

digestion 29:21 .
Direct 12:3, 12:4, 12:7, 12:13,
    12:15, 14:14, 14:22, 15:4,
    15:23, 22:20, 29:25 .
directly 12:5, 35:2 .
discharged 4:25, 7:14 .
discretion 53:13 .
discuss 6:5, 9:2, 34:5, 36:24,
    38:18, 41:20, 42:18 .
discussed 26:3, 38:6, 53:7 .
discussion 37:8 .
dishonesty 19:4 .
dismiss 41:14 .
dismissed 50:8, 50:10 .
disobey 22:19, 27:19, 28:24 .
dispense 21:14, 21:15 .
disputed 12:5, 12:8, 14:11 .
disregard 22:19, 27:20,
    28:25 .
disregarded 13:15 .
distant 29:25 .
distinct 25:15 .
distinction 12:13 .
distribute 20:22, 20:23, 21:7,
    21:8, 21:14, 21:15, 21:21,
    21:25, 32:6, 32:16, 32:19,
    32:23, 33:2, 33:8, 33:9,
    33:15, 33:16, 34:11, 34:13,
    34:14, 35:25, 36:2, 39:17,
    39:18, 47:18, 47:19 .
distributed 32:15, 32:21, 33:2,
    33:13, 36:8 .
Distribution 36:9, 36:13 .
District 1:1, 1:2, 20:25,
    21:2 .
DIVISION 1:3 .
Document 47:13, 47:15 .
document. 2:22 .
done 26:21, 29:10, 30:5, 31:7,
    31:10, 31:17, 31:19,
    44:24 .
door 38:16 .
Dopazo 1:38 .
doubt 9:17, 9:21, 9:25, 11:6,
    11:14, 11:18, 12:1, 13:22,
    15:7, 17:12, 21:19, 22:5,
    23:7, 23:20, 29:2, 29:6, 31:5,
    32:8, 37:20 .
down 44:7, 44:8, 44:11, 44:13,
    55:12 .

draw 6:3, 6:4, 13:11, 14:15,
    14:16, 14:18, 14:21, 14:25,
    15:11, 18:11, 25:19 .
drawing 14:18, 14:23 .
drawn 14:2, 14:13, 15:5, 25:1,
    29:17, 30:11 .
drive 42:13, 42:14 .
Drug 21:12, 50:4, 54:14 .
drugs 32:15, 32:18, 32:20,
    32:24, 33:1, 33:4, 33:7,
    33:10, 33:12, 33:16, 34:19,
    35:16, 35:17, 35:20, 36:6,
    36:7, 36:11, 36:12,
    36:14 .
due 27:21, 29:1 .
duration 25:14 .
During 4:22, 6:14, 6:15, 14:5,
    17:20, 31:16, 40:12,
    43:20 .
duty 4:9, 4:25, 5:6, 5:7, 5:9,
    5:20, 7:5, 7:16, 7:18, 8:4, 8:7,
    11:8, 50:10 .
DVD 44:11 .
.
.
< E > .
earlier 34:7, 38:23, 41:24 .
easily 44:5 .
Eason 43:11 .
Eastern 50:15 .
effect 8:17, 8:19 .
Either 3:15, 12:15, 14:22, 40:1,
    41:20, 52:11, 52:21 .
element 22:4, 22:8, 23:6,
    23:19 .
elements 21:19, 22:3, 36:16 .
elsewhere 21:3 .
emphasize 12:18, 53:5 .
employed 19:12 .
empty 2:17 .
enable 35:4 .
end 3:23, 30:21 .
ends 26:14 .
enforcement 7:20, 19:11, 19:13,
    19:18, 19:22 .
engaged 26:17, 38:6 .
enough 17:10, 22:1, 34:20 .
enter 4:9, 30:20, 37:17, 37:24,
    43:14, 52:5 .
entered 4:2, 21:20, 22:6, 22:9,

    45:16, 51:7 .
entertain 37:10 .
entire 13:23 .
entirely 13:14 .
entitled 8:1, 9:1, 36:22 .
entitles 7:24 .
equal 25:17 .
Equally 7:21, 9:3 .
equals 8:2 .
Eric 43:11 .
erroneous 37:8 .
Esquire 1:28, 1:29, 1:35 .
essential 21:19, 24:11,
    36:15 .
establish 21:18, 22:5, 23:7,
    23:20, 26:4, 26:23, 30:1,
    32:7 .
established 12:9, 14:9, 14:22,
    22:19, 24:23, 26:22, 29:14,
    30:9, 54:10 .
establishes 17:11 .
Europe 50:15 .
evaluating 19:7 .
evasive 15:22 .
events 29:16, 30:4, 30:10 .
everyday 35:6 .
everyone 2:3, 4:3, 45:6 .
everything 44:2 .
evidence 4:8, 5:4, 5:10, 6:1, 6:8,
    6:11, 6:13, 6:17, 6:20, 6:21,
    6:23, 8:6, 8:12, 8:16, 8:17,
    8:19, 8:20, 8:21, 9:6, 9:7, 9:9,
    9:12, 10:3, 10:12, 10:16,
    11:9, 11:19, 12:3, 12:4, 12:7,
    12:14, 12:15, 12:19, 12:23,
    13:1, 13:2, 13:4, 13:7, 13:8,
    13:9, 13:10, 13:12, 13:14,
    13:20, 14:14, 14:19, 14:23,
    14:25, 15:4, 15:5, 15:17,
    16:18, 18:7, 18:16, 18:19,
    19:1, 19:6, 19:21, 20:5,
    20:14, 20:16, 24:24, 26:23,
    26:25, 30:12, 30:17, 31:21,
    35:4, 35:10, 35:23, 36:20,
    36:21, 36:25, 37:3, 37:6,
    37:9, 37:19, 37:21, 43:22,
    44:2, 51:21 .
evident 5:1 .
exact 34:19 .
examination 15:23 .

examine 18:23 .
example 12:5, 35:12, 36:5 .
examples 16:3, 35:21 .
excellent 2:21 .
exchange 36:23 .
exclusive 5:25, 7:1, 7:4 .
exclusively 9:6 .
excuse 42:24, 43:1 .
excused 41:16, 51:4, 51:7 .
exercise 14:24 .
exhaustive 35:21 .
exhibit 6:25 .
Exhibits 6:20, 13:3, 13:6, 13:8,
    20:4, 35:4, 43:21 .
existed 23:1, 23:3, 23:24,
    31:24 .
existence 12:10, 14:9, 22:18,
    22:22, 31:16 .
exists 14:11, 14:12, 26:23 .
Experience 12:9, 13:11, 14:8,
    15:2, 35:8, 38:4 .
explain 51:13, 52:4, 54:5 .
explained 36:16 .
explanations 29:12, 30:7 .
express 22:10 .
extent 25:11, 25:14 .
extra 2:24, 3:7 .
.
.
< F > .
faces 51:24 .
facilities 44:7 .
fact 4:9, 4:18, 5:23, 6:15, 7:22,
    10:18, 12:5, 12:8, 12:10,
    12:24, 13:5, 13:16, 13:25,
    14:9, 14:11, 14:12, 18:13,
    18:24, 19:8, 19:12, 24:1,
    25:18, 26:2, 26:7, 29:20,
    29:22 .
factor 24:12 .
factors 32:13, 51:22 .
facts 5:8, 5:25, 6:4, 6:7, 7:2, 7:3,
    7:5, 7:7, 7:16, 12:8, 12:10,
    12:21, 13:6, 13:17, 14:9,
    14:13, 14:19, 14:22, 15:1,
    16:13, 16:16, 16:18, 18:11,
    18:21, 25:2, 27:10, 28:18,
    29:15, 30:9, 35:3 .
factual 15:12 .
fails 11:20, 36:18 .

fairness 7:10, 7:18 .
faith 7:11 .
faithfully 4:24 .
false 19:4 .
falsely 18:1 .
favorable 17:25 .
fear 9:14 .
Federal 1:48, 17:9, 19:13, 53:6, 54:9 .
feedback 51:1 .
feel 19:1 .
feelings 8:24, 9:4 .
feels 3:24 .
fellow 36:23, 36:25, 37:6, 37:8, 37:10 .
felon 19:8 .
few 17:19, 41:19, 42:6, 43:16, 44:2, 51:5 .
fill 32:5, 38:22 .
final 4:9, 5:5, 5:23, 7:18, 37:13 .
financial 24:10 .
find 9:18, 9:19, 11:21, 15:1, 19:23, 22:8, 22:11, 22:18, 23:2, 24:11, 24:17, 29:4, 31:5, 31:18, 31:22, 32:9, 34:12, 34:15, 39:3, 39:19, 39:24, 42:16, 42:17, 47:20, 48:1 .
finding 7:5, 7:16, 26:24, 47:24 .
findings 34:3 .
finds 17:5, 17:11 .
fine 53:4 .
finish 50:25 .
finished 34:6 .
First 18:22, 21:19, 22:4, 24:17, 31:15, 32:14, 42:4 .
Five 48:2 .
flagged 4:25 .
flat-screen 44:12 .
flee 51:21 .
flight 35:16 .
Floor 1:49, 44:8, 55:12 .
follow 5:14, 39:6 .
followed 5:1 .
following 21:18, 32:13 .
follows 20:24, 39:17 .
forbids 27:19, 28:24 .
foregoing 55:18 .

foreign 50:14 .
Foreman 47:7, 47:16 .
FOREPERSON 38:2, 38:8, 38:10, 38:13, 38:16, 38:22, 39:8, 40:3, 45:20, 47:6, 47:10, 47:23, 48:2, 48:11, 48:14, 48:17, 48:21, 48:23, 49:1, 49:4, 49:7, 49:10, 49:13, 49:16, 49:19, 49:23 .
foreperson. 47:15 .
foreseeable 30:24, 33:3, 33:9, 33:21 .
form 32:2, 32:4, 32:9, 34:5, 38:19, 38:20, 38:23, 39:5, 39:6, 39:8, 39:9, 39:10, 39:16, 40:4, 40:6, 40:7, 41:4, 47:8 .
formal 22:10 .
forthright 15:21 .
found 24:17, 31:8, 39:23, 44:7, 51:18 .
Fourth 33:6 .
frank 15:21 .
free 50:23 .
freedom 7:10 .
frequently 35:8 .
friendly 26:1 .
front 3:3, 3:4 .
fully 25:7 .
function 4:22, 36:19, 37:18 .
furtherance 31:1, 31:8, 31:16, 31:20, 33:22, 36:10 .
furthering 24:5, 26:18 .
.
.
< G > .
G. 1:28, 1:47, 55:17, 55:28 .
gain 18:4 .
Gall 53:8 .
gave 6:19, 7:12 .
general 17:17, 20:7 .
gentlemen 7:4, 43:13, 50:6 .
give 5:2, 5:12, 5:22, 12:16, 16:12, 18:8, 18:22, 18:25, 19:22, 20:17, 38:16, 38:17, 47:11, 50:21, 51:14, 54:1 .
Given 6:18, 17:16, 19:10, 20:6, 51:15, 52:13 .

giving 3:22 .
glad 55:2 .
goals 34:2 .
Goldstein 1:38, 2:19, 3:10 .
Government 3:8, 7:19, 7:24, 8:2, 8:23, 9:1, 9:11, 9:20, 9:25, 10:22, 11:13, 11:20, 11:25, 12:2, 14:15, 15:10, 16:8, 17:4, 18:9, 18:20, 19:5, 21:18, 22:4, 22:8, 22:15, 23:6, 23:19, 27:13, 28:4, 28:5, 28:12, 28:20, 29:2, 30:15, 31:22, 32:6, 34:7, 34:9, 34:16, 34:18, 34:20, 36:15, 40:19, 41:17, 45:10, 50:19, 50:20, 51:11, 52:9, 54:19 .
governments 19:13 .
grams 40:1, 40:2 .
Grand 20:25, 21:6 .
great 17:1, 17:15, 18:23 .
greater 7:24, 19:15, 50:11 .
grounds 19:18 .
guess 12:12, 14:10, 44:23 .
guesswork 14:19 .
guests 50:14 .
guided 9:9 .
guideline 53:9 .
guidelines 53:6, 53:14 .
guilt 9:18, 9:21, 9:25, 10:5, 11:5, 11:18, 11:25, 15:6, 17:12, 18:12, 18:16, 20:16, 25:13, 31:15, 54:13 .
Guilty 9:11, 9:23, 10:2, 10:15, 11:4, 11:14, 11:21, 13:21, 18:10, 18:14, 18:15, 31:23, 32:10, 34:15, 36:18, 36:21, 37:15, 37:20, 38:25, 39:3, 39:20, 39:21, 39:22, 39:24, 47:21, 47:22, 47:23, 47:25, 50:3, 51:18 .
guilty. 39:22 .
.
< H > .
hallway 50:25 .
hand 9:19, 36:3, 36:5, 36:6, 40:4, 40:6, 40:8, 43:7 .
handed 36:4, 36:7 .
Handing 2:22 .

happen 42:6, 42:15 .
happened 26:8 .
happens 2:18 .
He'll 52:10 .
hear 38:14, 52:15, 54:20 .
heard 4:7, 5:4, 12:6, 13:13, 14:5,
    16:24, 18:9, 19:2, 19:11,
    41:15, 48:10, 48:13, 48:16,
    48:22, 48:25, 49:3, 49:6,
    49:9, 49:12, 49:15, 49:18,
    49:22, 50:7, 50:9 .
hearing 8:9, 8:13 .
help 15:17 .
hereby 55:17 .
herein 21:4 .
Herndon 2:4, 41:23, 43:21 .
hesitate 9:18, 9:22, 37:7 .
High 1:39 .
highest 50:10 .
hold 40:4 .
holding 55:12 .
Honorable 1:22, 45:2,
    55:14 .
hope 44:7 .
hoped 17:25 .
hopes 18:3 .
hostility 16:12 .
hour 43:15 .
hungry 29:21 .
.

< I > .
idea 2:21 .
identification 13:7, 43:23,
    44:3 .
identified 35:17 .
identities 25:4 .
ignorance 27:8, 28:15 .
II 21:9 .
ill 42:3, 42:5 .
illegal 26:18 .
impartial 11:19 .
impartiality 7:19 .
importance 15:18 .
important 4:11, 4:12, 4:13, 7:19,
    7:21, 16:21, 24:22, 41:17,
    41:20, 50:19 .
imposed 37:23 .
imposes 11:7 .
imposition 51:19 .

impossible 35:1 .
impressed 15:20 .
imprisonment 51:25, 53:12 .
improper 8:22, 9:3 .
in. 2:18, 3:16 .
inadvertence 27:21, 29:1 .
incentive 16:10 .
include 6:21 .
incorporated 12:20 .
independent 6:16, 24:24 .
indicate 7:2, 8:16, 35:15, 35:18,
    35:20, 39:13, 39:14,
    40:11 .
indicated 8:15, 54:11 .
indicating 45:9 .
indicted 10:13 .
indictment 10:10, 10:11, 10:14,
    10:15, 10:16, 10:19, 11:1,
    11:2, 17:1, 18:21, 20:9,
    20:13, 20:19, 20:20, 20:21,
    20:24, 22:7, 23:23, 24:15,
    31:7, 39:1, 39:20, 47:21,
    50:3 .
individual 8:2, 37:1, 37:4 .
infer 12:9, 14:7, 22:21 .
inference 12:12, 14:1, 14:6,
    14:10, 14:20, 25:2, 25:8 .
inferences 6:3, 13:11, 14:13,
    14:15, 14:18, 14:23, 15:1,
    15:5, 18:12, 25:1, 29:17,
    30:11 .
inferred 30:2 .
influence 37:18, 37:23 .
influenced 16:7 .
informed 25:7 .
initial 39:9, 52:18 .
innocence 9:1, 11:16 .
innocent 11:10, 11:12,
    13:24 .
instruct 4:10, 4:19, 5:2, 5:6,
    10:8, 11:11, 18:25, 25:3 .
instructed 18:11, 24:10, 27:3,
    27:12, 28:11, 28:19 .
Instruction 5:15, 11:3, 23:10,
    23:14, 23:17, 28:2, 28:8,
    28:9, 41:5 .
instructions 2:14, 3:23, 5:7,
    5:13, 5:14, 5:16, 6:15, 10:4,
    10:19, 20:6, 20:11, 20:17,
    36:17, 39:6 .

instrument 10:10, 29:24 .
intelligent 35:3 .
intends 41:6 .
intent 20:23, 21:7, 21:14, 21:21,
    21:25, 27:18, 28:23, 29:10,
    29:13, 29:18, 30:4, 30:8,
    32:16, 32:19, 32:23, 33:2,
    33:8, 33:16, 34:11, 34:14,
    39:18, 41:6, 47:19 .
intention 24:5, 26:13 .
intentionally 21:7, 21:13, 26:16,
    27:7, 28:14, 29:3, 29:5,
    31:25, 41:2 .
interest 4:25, 19:20, 24:10,
    24:12, 26:3 .
interests 18:2 .
interfere 9:5, 9:14 .
INTERPRETER 2:20,
    3:11 .
Interpreters 1:38, 52:14 .
introduce 41:23 .
investigation 52:9, 52:18,
    54:16 .
involve 15:13, 29:18 .
involved 16:25, 20:1, 22:23,
    33:5, 33:11, 39:2, 39:25,
    48:1 .
involvement 36:14 .
involves 34:25 .
involving 19:4 .
issue 20:3, 25:12, 31:14, 32:1,
    32:2, 32:9, 37:14, 40:14 .
issues 4:10, 4:18, 5:24,
    15:12 .
it. 28:6 .
items 35:14 .
itself 10:11, 10:15, 17:10, 20:13,
    20:20, 25:23, 29:11,
    30:6 .
Izant 1:29, 2:22, 2:23, 2:25,
    10:22, 10:23, 27:22, 28:1,
    28:9, 53:1, 55:2 .
.

< J > .
J. 1:29, 1:35 .
jail 19:4 .
James 1:28 .
January 52:23, 52:25 .
Jarrettsville 42:13 .

**Jeffrey** 1:29 .
**Jesus** 1:10, 21:3, 39:20, 39:23, 45:25, 47:21, 47:24 .
**job** 44:24 .
**joined** 24:3, 24:18, 24:19, 25:10, 33:5, 33:11, 34:8 .
**joint** 22:17 .
**Jr** 1:35 .
**Judge** 2:6, 3:20, 27:16, 45:8, 47:12 .
**judge.** 47:13 .
**judges** 5:25, 7:1, 7:4, 8:18, 50:15, 50:16, 54:9 .
**judgment** 37:4 .
**judgments** 15:13, 15:14 .
**juries** 29:19 .
**JUROR** 7:8, 36:22, 38:1, 38:3, 38:4, 38:5, 38:7, 41:15, 42:3, 46:2, 46:3, 46:4, 46:5, 46:6, 46:7, 46:8, 46:9, 46:10, 46:11, 46:12, 46:13, 46:14, 46:15, 46:16, 46:17, 46:18, 46:19, 46:20, 46:21, 46:22, 46:23, 46:24, 46:25, 47:1, 48:10, 48:12, 48:13, 48:15, 48:16, 48:18, 48:19, 48:22, 48:24, 48:25, 49:2, 49:3, 49:5, 49:6, 49:8, 49:9, 49:11, 49:12, 49:14, 49:15, 49:17, 49:18, 49:21 .
**JURORS** 4:15, 7:13, 9:8, 11:17, 36:23, 37:1, 37:6, 37:8, 37:10, 37:21, 38:3, 41:15, 43:2, 47:4, 49:25, 50:7, 50:22, 50:24, 51:1 .
**JURY** 2:13, 2:18, 3:16, 4:2, 4:7, 4:12, 5:17, 5:24, 7:7, 7:11, 7:14, 8:9, 8:13, 10:17, 10:18, 11:3, 11:13, 14:4, 14:21, 17:11, 20:25, 21:6, 36:24, 37:17, 38:2, 38:6, 38:21, 39:14, 40:6, 40:10, 43:14, 43:18, 44:19, 45:1, 45:9, 45:14, 45:16, 46:1, 47:2, 47:8, 48:3, 48:5, 48:7, 49:22, 50:10, 50:17, 50:22, 51:1, 51:4, 51:8, 51:10, 53:25, 54:14, 55:1, 55:4, 56:5 .
**JURY TRIAL** 1:21 .
**justice** 8:3 .

**justified** 15:2 .
**justify** 25:8 .
.
.
**< K >** .
**keep** 42:8 .
**KERRIGAN** 44:20, 44:22 .
**key** 24:19 .
**kilograms** 21:8, 40:1, 40:2, 48:2, 50:4 .
**kind** 18:12, 34:21, 51:2 .
**kinds** 16:3 .
**knowing** 26:19, 26:25 .
**knowingly** 21:4, 21:7, 21:13, 21:23, 23:8, 23:21, 24:2, 24:18, 27:5, 27:7, 27:9, 28:2, 28:3, 28:13, 28:14, 28:17, 31:25 .
**Knowledge** 16:3, 17:7, 20:2, 24:4, 25:2, 25:9, 26:5, 26:8, 26:11, 27:17, 28:22, 29:14, 29:18, 30:8, 31:12, 33:20, 34:9, 34:23, 35:16 .
**known** 21:6, 25:4 .
.
.
**< L >** .
**lack** 8:21, 9:7, 10:3 .
**Ladies** 7:3, 43:13, 50:6 .
**large** 35:19 .
**last** 33:17 .
**later** 6:5, 42:18 .
**law** 4:10, 4:19, 5:3, 5:6, 5:7, 5:10, 5:11, 5:16, 5:19, 5:21, 8:8, 8:10, 8:14, 9:13, 11:7, 11:9, 12:13, 17:8, 17:9, 19:11, 19:13, 19:18, 19:22, 19:24, 19:25, 20:3, 21:12, 22:19, 25:18, 26:10, 27:19, 27:20, 28:24, 28:25, 31:2, 53:17, 54:8, 54:22 .
**laws** 7:20 .
**lawyer** 3:20, 12:18, 12:19, 12:25, 54:19 .
**lawyers** 5:5, 6:8, 38:7, 38:17, 43:17, 50:24 .
**leading** 53:7 .
**least** 24:20, 26:12 .
**leave** 41:21 .
**left** 43:2, 43:18, 51:10 .

**legal** 5:11, 5:12 .
**legitimate** 19:17 .
**length** 27:2 .
**lengthy** 23:9 .
**less** 8:1, 12:15, 19:15, 20:7, 40:1, 54:12, 54:15, 54:23 .
**lesser** 19:15 .
**level** 54:21 .
**liability** 25:13 .
**lie** 18:5 .
**light** 13:10, 15:2, 16:18, 19:1, 54:13 .
**likely** 51:21 .
**line** 3:17 .
**listen** 3:15, 4:11, 4:23, 36:25 .
**listened** 15:14 .
**listening** 3:22, 3:23 .
**litigation** 7:25 .
**local** 19:13 .
**logical** 12:12, 14:11, 15:4 .
**Lombard** 1:49 .
**long** 29:13, 30:7, 32:21, 33:3, 33:9, 33:14, 33:20, 42:13 .
**look** 18:7, 42:10, 53:9 .
**looked** 3:2, 38:2 .
**looking** 23:18, 54:16 .
**louder** 22:24, 35:8 .
**loyalty** 16:10 .
**lunch** 2:10, 4:5, 29:22, 43:15, 44:17 .
**lunches** 2:7 .
**lying** 17:23 .
.
.
**< M >** .
**Madam** 45:21 .
**major** 25:16 .
**mandatory** 51:25, 53:11, 53:16, 54:6, 54:8, 54:10 .
**manufacture** 21:14, 21:15 .
**marked** 13:7, 43:22, 44:2 .
**MARONICK** 1:35, 2:15, 3:2, 3:6, 3:12, 10:25, 23:11, 23:14, 40:23, 41:6, 41:10, 44:7, 45:7, 45:13, 48:5, 48:6, 52:7, 52:10, 52:15, 53:1, 53:21, 53:23, 54:2, 54:7, 55:3, 55:8 .

marshal 39:11 .
Marta 1:38 .
marvel 50:17 .
Maryland 1:2, 1:16, 1:50, 20:25, 21:2 .
materials 34:24, 35:18 .
matter 6:16, 7:20, 12:11, 12:12, 14:19, 15:17, 16:21, 25:2, 41:5, 41:20, 42:23, 54:6, 55:20 .
matters 5:11, 20:2 .
mean 7:2, 19:14, 36:3 .
means 22:13, 22:16, 27:17, 28:22, 35:25 .
meant 41:23 .
measured 25:13 .
mechanical 1:42 .
Medical 29:23 .
meet 52:6, 52:7 .
meeting 38:10, 44:17 .
member 7:8, 21:24, 23:9, 23:22, 24:1, 24:14, 25:3, 25:5, 25:15, 25:23, 25:25, 26:10, 27:5, 27:14, 28:13, 28:21, 29:3, 30:22, 30:25, 31:6, 31:19, 31:21, 31:25, 33:1, 33:7 .
Members 4:7, 5:24, 22:9, 23:24, 25:24, 27:1, 31:3, 31:9, 33:13, 33:15, 33:24, 46:1, 47:2, 49:22 .
Membership 23:18, 26:4 .
memo 52:25 .
memoranda 52:23 .
mention 15:9, 50:8, 50:9 .
mentioned 20:5, 24:16, 34:7, 38:19 .
Mere 25:22, 25:23, 26:2, 26:5 .
merely 10:11, 20:14, 22:2, 26:8 .
met 9:20, 12:2, 22:9 .
Michael 44:1 .
Mike 51:8 .
military 50:11 .
mind 6:12, 20:11, 29:19, 29:20, 29:24, 30:1, 35:1, 35:2, 35:5, 35:7, 35:11 .
minimum 51:25, 53:11, 53:17, 54:6, 54:8, 54:10 .

minor 25:17 .
minute 15:9, 42:10 .
minutes 26:21, 51:5, 51:6, 51:9 .
misread 28:8, 28:9 .
missed 40:24 .
mistake 27:8, 27:21, 28:5, 28:15, 29:1, 29:9 .
mistakes 40:19 .
Mitchell 1:47, 55:17, 55:28 .
mixture 21:8 .
mobile 42:2, 42:9 .
moment 9:2, 24:16, 32:3, 51:14 .
Monday 6:9, 7:9, 7:12, 41:16, 50:9, 53:11, 54:11 .
months 50:16 .
morning 2:3, 3:17, 3:25, 4:1, 4:3, 5:14 .
motivated 18:3 .
motivation 18:4, 18:6 .
motive 16:10 .
mutual 22:16 .
.
.
< N > .
name 7:23, 43:9 .
narcotic 35:25, 36:2 .
narcotics 34:25, 35:19, 36:5 .
national 8:25 .
nature 9:4, 17:14, 20:7, 22:21, 27:3, 30:18, 34:19 .
necessarily 10:17, 19:14, 26:4 .
necessary 26:10 .
need 3:14, 22:8, 22:10, 25:4, 25:5, 25:6, 25:10, 26:23, 38:12, 42:2, 53:2, 54:17, 55:1 .
needed 42:17 .
negligence 27:21, 29:1 .
negotiating 36:11 .
neither 35:21 .
Nervousness 35:16 .
next 20:8, 23:24, 51:14 .
Nice 2:5, 4:3, 44:8 .
No. 1:9, 23:14, 23:17, 28:8, 28:9, 38:1, 38:4, 38:5, 38:7, 42:4, 42:7, 42:11, 42:13, 45:24,

46:3, 46:5, 46:7, 46:9, 46:11, 46:13, 46:15, 46:17, 46:19, 46:21, 46:23, 46:25, 48:10, 48:13, 48:16, 48:19, 48:22, 48:25, 49:3, 49:6, 49:9, 49:12, 49:15, 49:18 .
nobody 3:23 .
nonexistence 12:10 .
noon 2:8, 2:11, 2:12, 4:6, 44:15, 45:1 .
Nor 6:14, 17:18, 20:3, 25:5, 35:22 .
NORTHERN 1:3 .
Nos. 38:3 .
note 12:11, 24:22, 38:13, 39:11, 39:12, 39:13, 40:4, 45:9, 45:18, 52:11, 52:24 .
noted 34:5, 38:23, 39:5, 52:20 .
notes 4:16, 38:2, 38:5, 40:11 .
noticeably 2:17, 3:18 .
noticed 40:23 .
notify 52:22 .
number 10:9, 42:9, 46:2 .
numbers 42:2 .
numerous 50:15 .
.
.
< O > .
oath 9:8, 37:21 .
object 8:5, 22:12, 22:13, 34:9, 34:10, 34:13 .
objected 8:12 .
objection 52:11 .
objections 6:10, 52:19 .
objective 24:5, 29:8, 32:22, 33:14 .
objectives 25:11, 26:9, 26:12 .
obligation 13:19 .
observe 4:23, 16:16 .
observed 12:6, 15:14 .
obtained 32:21, 33:13 .
obvious 4:24 .
obviously 23:17, 35:1 .
occupant 35:12 .
occurred 29:16, 30:10 .
occurrence 29:13, 30:4, 30:7 .

occurs 43:25, 51:13 .
**Odenton** 42:12 .
**offense** 22:5, 23:7, 23:20, 39:25, 48:1, 51:18 .
**offers** 8:5 .
**Officer** 43:8, 52:6, 52:8 .
**Official** 1:48, 19:14, 55:29 .
**officials** 19:12 .
**often** 22:24, 29:10, 29:19, 30:5, 30:19 .
**old** 44:11 .
**omissions** 30:25, 31:4 .
**Once** 9:13, 26:22 .
**one** 3:7, 4:14, 10:18, 14:8, 14:15, 18:4, 18:5, 19:3, 19:5, 25:24, 27:18, 28:22, 29:20, 29:24, 30:1, 30:2, 30:3, 32:1, 37:1, 39:25, 41:20, 42:3, 42:10, 43:25 .
**one-count** 11:2, 20:19, 50:3 .
**opening** 6:9 .
**operation** 35:2 .
**opinion** 5:19, 7:2, 8:16, 36:22, 37:7 .
**opportunity** 16:16, 52:13 .
**opposing** 52:22 .
**options** 40:1 .
**order** 21:17, 22:7, 24:7, 25:8, 27:4, 27:12, 28:11, 28:19, 52:24, 53:3, 53:19 .
**ordered** 53:13 .
**orders** 4:5, 36:6 .
**ordinarily** 51:16 .
**ordinary** 19:16 .
**origin** 8:25 .
**others** 17:7, 25:17, 30:13, 35:7, 37:11 .
**ought** 5:20 .
**outcome** 19:20, 24:9, 24:11 .
**outnumbered** 37:12 .
**outside** 13:14, 38:16 .
**overall** 50:9 .
**overt** 22:1 .
**own** 4:15, 4:17, 6:8, 6:16, 13:10, 18:15, 24:24, 37:3 .
.

**< P >.**
**p.m.** 45:5, 45:16, 51:10, 52:21, 53:23, 53:24, 55:15 .

**Page** 28:1, 56:3 .
**panel** 41:16, 50:9 .
**papers** 20:4 .
**park** 42:16 .
**part** 17:6, 23:3, 25:9, 33:2, 35:10, 41:17, 42:5, 50:19 .
**participant** 24:8, 26:19, 26:25 .
**participants** 23:2 .
**participate** 24:3, 33:18 .
**participated** 26:11 .
**participation** 24:23, 25:12, 25:14, 26:6, 41:18 .
**particular** 17:15, 20:18, 32:12 .
**particularly** 14:6 .
**parties** 5:5, 6:23, 7:12, 8:2, 13:5, 13:16, 22:23 .
**partnership** 30:19 .
**partnerships** 30:20 .
**party** 7:6, 7:17, 7:25 .
**pass** 5:23, 5:25, 6:5, 36:3, 36:5 .
**passed** 36:4 .
**past** 29:25 .
**Patricia** 1:47, 55:17, 55:28 .
**Pause.** 43:3 .
**pay** 4:13, 4:19 .
**Pedro** 21:3 .
**people** 3:21, 10:5, 17:6, 30:20, 42:4 .
**perfectly** 53:4 .
**perform** 7:4, 7:16, 7:17, 25:15 .
**permit** 50:24 .
**permitted** 14:21, 14:25, 17:4, 52:16 .
**person** 10:2, 16:20, 16:21, 21:13, 22:2, 23:3, 25:25, 27:7, 28:14, 29:19, 38:8, 51:18 .
**personal** 8:24, 18:4, 18:15, 19:19 .
**personally** 32:15, 33:18 .
**persons** 8:25, 21:6, 21:20, 22:6, 30:14, 31:8 .
**picking** 38:2 .
**place** 20:1, 29:16, 30:11, 41:23, 43:21 .

**Plaintiff** 1:7, 1:26 .
**plan** 22:17, 24:18, 26:6 .
**planned** 32:18, 33:8 .
**planning** 16:25 .
**plans** 33:18, 33:20, 33:21, 34:1 .
**play** 25:16, 25:17 .
**plea** 11:4, 43:22, 44:3 .
**plead** 18:15 .
**pleaded** 10:15 .
**Please** 12:11, 39:5, 39:10, 40:16, 43:1, 43:5, 43:6, 43:9, 45:22, 46:1, 47:7, 47:11, 47:17, 48:8 .
**pled** 18:10, 18:14 .
**plug** 44:11 .
**point** 5:6, 10:21, 10:24, 40:18, 40:22, 41:9 .
**poll** 48:5 .
**polled** 48:7 .
**portion** 32:9 .
**pose** 51:21 .
**position** 54:19, 54:20 .
**possess** 20:22, 21:7, 21:14, 21:21, 21:24, 32:19, 32:23, 33:15, 34:11, 34:14, 39:17, 47:18 .
**possessed** 32:15, 33:2, 33:8, 34:24, 35:24 .
**possession** 35:19, 35:21 .
**possible** 4:21, 37:16 .
**precise** 22:12 .
**prejudice** 7:5, 7:10, 7:17, 8:11, 9:14, 16:11 .
**preliminary** 20:11 .
**prepare** 52:8 .
**prepared** 38:20, 52:19 .
**presence** 25:22, 35:16 .
**Present** 1:38, 13:20, 20:1, 37:1, 47:11, 52:16 .
**presented** 14:25 .
**presentence** 52:8, 52:18, 54:16 .
**preside** 5:9, 38:8 .
**presumed** 11:11 .
**presumes** 11:9 .
**presumption** 9:1, 11:16, 11:21 .
**prevail** 36:15 .
**Prevention** 21:12 .

previously 19:3 .
price 36:11 .
prime 7:20 .
principal 4:22 .
principle 5:12 .
prior 19:5, 38:3 .
prison 53:18, 54:13, 54:16,
    54:21, 54:23 .
privacy 50:25 .
probation 52:5, 52:7 .
proceed 2:14 .
Proceedings 1:20, 1:42, 55:15,
    55:19 .
process 4:13, 9:5, 14:18, 41:17,
    50:20, 51:13, 52:4, 53:6,
    54:25 .
produce 20:4 .
produced 1:43 .
producing 11:9 .
product 29:8, 29:9 .
professional 19:19 .
proof 8:23, 9:2, 12:8, 21:17,
    22:1, 22:20, 23:2, 24:10,
    27:4, 27:13, 28:12, 28:20,
    29:25, 36:16 .
properly 8:6, 24:13 .
prosecution 7:23, 11:5, 13:21,
    13:22, 18:13, 19:24, 19:25,
    20:4 .
prove 11:5, 12:8, 13:21, 13:24,
    22:5, 23:6, 23:19, 27:5,
    27:13, 28:3, 28:12, 28:20,
    29:2, 34:7, 34:9, 34:16,
    34:18, 35:1, 36:15 .
proved 14:14, 25:2 .
proven 9:11, 9:25, 10:2, 10:6,
    11:14, 11:25, 15:1, 27:10,
    28:17, 31:22, 38:25 .
proves 12:5, 34:20 .
provide 47:17 .
provided 32:4 .
proving 9:20, 12:23 .
proximity 50:13 .
punishable 19:3 .
punishment 37:16, 37:22 .
purpose 22:12, 22:14, 23:5,
    24:4, 26:17, 27:19, 28:24,
    31:1, 36:24 .
purposefully 29:7 .
purposes 24:21, 26:8,

26:12 .
put 4:4, 6:12, 19:6, 44:2,
    44:12 .

.
.
< Q > .
qualifications 7:10 .
quality 36:11 .
quantities 34:3 .
quantity 32:11, 32:15, 32:18,
    32:24, 33:1, 33:4, 33:7,
    33:10, 33:16, 35:20, 50:5,
    54:14 .
question 6:12, 12:20, 12:25,
    24:19, 29:16, 30:10, 35:19,
    37:16, 38:15, 40:13, 47:16,
    50:24, 54:6 .
questions 6:11, 6:21, 7:9, 8:9,
    12:18, 13:1, 16:4, 38:14,
    39:3, 39:8 .
quite 19:17 .
.
.
< R > .
race 8:24 .
raise 43:6 .
Rarely 29:25 .
rather 5:16, 29:8 .
RDB-19-0165 45:24 .
reach 37:2 .
reached 38:21, 40:5 .
reaching 8:22 .
read 3:9, 3:15, 6:24, 23:13,
    23:16, 47:16 .
reading 4:14 .
reads 20:24 .
ready 2:13, 45:10, 45:12 .
real 22:23, 53:2 .
really 41:5 .
reason 9:18, 9:22, 11:7, 12:9,
    14:8, 30:16, 33:23, 42:3 .
reasonable 6:3, 9:17, 9:21, 9:25,
    11:6, 11:14, 11:18, 12:1,
    13:11, 13:21, 15:1, 15:5,
    15:6, 17:12, 21:19, 22:5,
    23:7, 23:20, 24:25, 29:2,
    29:6, 29:16, 30:11, 31:5,
    32:8, 35:13, 37:20,
    42:14 .
reasonably 30:24, 33:3, 33:9,

33:21 .
reasoned 14:10 .
reasons 17:8 .
recall 6:19, 30:12, 38:4 .
receive 17:25, 39:12, 45:23 .
received 6:20, 13:3, 13:7, 13:9,
    30:17, 39:11 .
receiving 36:11 .
recently 50:15 .
Recess 44:14, 45:1, 45:3, 45:4,
    55:9, 55:14 .
recollection 6:8, 6:17, 16:17,
    16:23 .
record 12:23, 27:25, 29:24,
    40:17, 43:10, 55:19 .
recorded 1:42, 49:24, 50:1,
    50:2 .
refer 10:9 .
referred 30:19 .
reflect 37:13 .
regard 10:5, 13:6, 13:16, 22:25,
    24:7 .
regardless 5:19 .
regular 52:24, 53:3, 53:19 .
related 34:17, 34:21 .
relationship 16:8, 27:1 .
released 24:3 .
relevant 5:10, 20:18 .
religion 8:25 .
rely 6:7, 35:10 .
remain 7:14, 51:12, 51:16,
    51:23 .
remains 11:22, 13:22 .
Remember 3:13, 10:14,
    32:8 .
remind 15:3, 20:13 .
reminded 7:7 .
render 9:22 .
rendering 38:24 .
repeat 9:5, 17:17, 17:18,
    23:15 .
report 16:2, 36:18, 52:9, 52:18,
    53:15, 54:17 .
Reporter 1:48, 55:29 .
request 8:8 .
require 19:24, 19:25, 20:3, 22:1,
    36:9 .
required 13:24, 14:21, 17:7,
    26:10, 36:16, 52:23,
    53:17 .

**requires** 25:18, 36:13 .
**residence** 35:13, 35:14 .
**resolve** 6:2 .
**respect** 6:15, 50:17, 50:25,
    51:13, 52:12 .
**response** 38:18 .
**responsibility** 34:1 .
**responsible** 31:3 .
**rest** 41:16 .
**result** 11:4 .
**retire** 5:17, 38:1 .
**return** 39:12, 41:11, 44:15,
    44:19, 44:25 .
**returned** 48:4 .
**reviewing** 19:21 .
**Richard** 1:22 .
**rise** 45:2, 47:8 .
**risk** 9:15 .
**RMR** 1:47, 55:17 .
**role** 5:23, 25:17 .
**roles** 25:16, 25:17 .
**roll** 40:7, 45:22 .
**room** 5:17, 10:17, 10:18, 11:3,
    14:4, 38:21, 43:14, 44:8,
    51:4, 51:8 .
**rule** 5:18 .
**rules** 33:17 .
**ruling** 8:14 .
**rulings** 8:8, 8:15 .
**runs** 38:10 .
**Russia** 50:16 .
**Ryan** 3:13 .
    .

**< S >.**
**sale** 36:9, 36:10 .
**satisfactory** 10:21 .
**satisfied** 11:13, 15:6, 23:23,
    29:5 .
**satisfy** 21:17, 22:3, 22:8 .
**saw** 12:6 .
**says** 30:2 .
**scene** 25:22 .
**Schedule** 21:9 .
**scheme** 22:12, 22:13, 24:11,
    25:17, 31:17 .
**science** 29:23 .
**scope** 25:7 .
**scrutinize** 15:15 .
**scrutinized** 17:14 .

**seated** 4:4, 45:17, 51:11 .
**Second** 21:23, 23:6, 23:19,
    32:17, 34:6, 42:10 .
**secrecy** 22:21 .
**Section** 51:17 .
**Security** 43:8 .
**seem** 15:22 .
**seen** 13:13 .
**send** 38:15, 40:4, 40:11 .
**sending** 11:1, 39:10 .
**sense** 13:10, 14:8, 14:24, 16:4,
    22:23, 37:17, 37:24 .
**sentence** 51:19, 51:25, 53:12,
    53:16, 54:8, 54:11, 54:12,
    54:15, 54:17, 54:22 .
**Sentencing** 44:15, 44:16, 51:14,
    52:5, 52:12, 52:14, 52:20,
    52:23, 52:24, 52:25, 53:3,
    53:6, 53:14, 53:19 .
**separate** 25:15 .
**September** 21:1 .
**series** 29:12, 30:6 .
**serious** 7:22 .
**served** 18:2 .
**service** 42:20, 50:7, 50:11,
    50:23, 51:1, 51:6, 54:2 .
**set** 14:15, 44:10 .
**sex** 8:25 .
**shade** 16:11 .
**shall** 6:5, 38:1, 38:7, 39:4, 39:12,
    47:5, 50:2, 51:16, 51:19,
    52:20 .
**she'll** 38:17, 40:8 .
**shifts** 11:6, 13:23 .
**shop** 44:10 .
**short** 13:1, 36:13 .
**shortly** 10:8 .
**shouldn't** 54:10 .
**show** 8:10, 17:7, 22:15,
    40:8 .
**shown** 29:11, 30:5, 35:4 .
**side** 8:4, 8:5, 52:11, 52:21 .
**sides** 17:19 .
**sign** 38:15, 38:23, 40:3,
    53:19 .
**signed** 38:13, 42:21, 47:9 .
**significance** 13:25 .
**similar** 18:14 .
**similarity** 26:2 .
**Similarly** 22:10, 25:23 .

**simple** 11:7 .
**Simply** 12:25, 33:23, 36:2,
    37:12 .
**single** 5:15, 25:18 .
**sir** 4:1, 45:20, 51:12 .
**site** 35:17 .
**sixth** 55:12 .
**size** 16:20 .
**slate** 11:16 .
**slight** 26:23 .
**slow** 4:20 .
**so-called** 17:2, 17:22 .
**sole** 5:25, 7:1, 8:17, 35:12 .
**solely** 8:20, 9:9, 9:12, 10:3,
    36:21, 37:2, 37:20 .
**somehow** 17:25 .
**someone** 16:2, 31:18 .
**sorry** 23:13 .
**sort** 44:10 .
**Special** 1:39, 32:4 .
**specific** 20:17, 24:4, 39:1 .
**Specifically** 32:19 .
**speculation** 12:11, 14:20 .
**spoken** 35:9 .
**spokesperson** 38:9 .
**stake** 24:9 .
**stand** 8:2, 14:2, 40:12,
    40:14 .
**standing** 51:12 .
**stands** 16:18, 44:14, 45:1,
    55:6 .
**start** 4:21 .
**started** 53:11, 54:11 .
**state** 5:13, 5:18, 19:13, 29:18,
    29:20, 30:1, 34:25, 35:5,
    35:7, 35:11, 38:6, 43:9 .
**stated** 5:12, 22:11, 23:15,
    36:2 .
**statement** 10:11, 12:20, 12:21,
    12:22, 18:23, 18:25,
    19:4 .
**statements** 6:9, 18:20, 18:22,
    23:1, 24:24, 30:13, 30:14,
    30:25, 31:4, 31:7, 31:11,
    31:13, 31:16, 31:18 .
**States** 1:1, 1:5, 7:23, 45:24,
    51:17, 53:8, 53:9, 54:9 .
**stating** 5:15 .
**Stay** 43:15, 51:4, 54:2, 54:3,
    55:1, 55:2, 55:3 .

stenographic 55:19 .
stenography 1:42 .
stickler 53:2 .
stipulation 13:4, 13:15,
    13:17 .
stipulations 6:22, 6:23, 6:25,
    13:4 .
straightforward 16:22 .
Street 1:49 .
strike 16:2 .
subject 9:12, 17:20 .
submit 52:25 .
submitted 47:8 .
substance 20:23, 21:8, 21:10,
    21:15, 32:7, 32:12, 34:12,
    34:14, 34:22, 35:24,
    39:2 .
substances 21:21, 21:22, 21:25,
    34:4, 34:18 .
substitution 6:16 .
succeeds 36:17 .
Suddenly 3:20, 3:22 .
sufficient 11:16, 22:14, 25:19,
    26:7 .
sum 18:6, 26:15 .
summarize 20:19 .
summarized 10:18, 10:19,
    11:2 .
summations 17:2 .
supplying 36:12 .
support 26:24 .
Supreme 53:7 .
surrounding 27:11, 28:18,
    29:15, 30:9 .
suspect 15:22 .
suspicion 14:10 .
sustain 11:20, 27:4, 27:12,
    28:11, 28:19 .
sustained 8:23 .
swayed 9:8 .
swear 42:25, 43:5 .
sworn 5:20, 7:8, 13:2 .
sworn. 43:8 .
sympathy 9:9, 9:14, 9:22 .
system 50:17, 51:2 .
    .

< T > .
table 3:8, 3:14 .
tables 41:11 .

tacitly 22:15 .
taught 35:8 .
telephone 42:2, 42:9 .
television 44:12 .
tells 36:6 .
tendered 47:13, 47:15 .
tends 12:8 .
term 14:6 .
terms 15:8, 41:6, 50:4,
    53:15 .
testified 4:23, 15:16, 15:23,
    15:24, 16:9, 16:14, 16:16,
    16:24, 19:8 .
testifies 12:6 .
testify 13:18, 13:20, 14:1 .
testifying 18:1, 18:2 .
testimony 4:22, 5:1, 5:9, 6:3,
    6:19, 8:5, 13:3, 15:13, 15:15,
    15:18, 17:9, 17:10, 17:11,
    17:14, 17:16, 17:24, 18:6,
    18:9, 19:2, 19:9, 19:11,
    19:14, 19:19, 19:22,
    19:23 .
themselves 17:6 .
thereby 26:18 .
thereto 49:23 .
thinking 9:15 .
Third 32:25, 44:8 .
Thomas 1:35 .
three 51:9 .
throughout 11:12, 13:22,
    52:15 .
Title 51:17 .
today 2:4, 2:5, 41:23, 53:20 .
together 22:9, 23:4, 26:3 .
token 8:1 .
took 29:16, 30:10 .
trained 44:23 .
TRANSCRIPT 1:20, 1:43,
    55:18 .
transfer 36:2, 36:14 .
transition 3:20 .
treatment 18:1 .
trial 3:20, 4:21, 5:9, 6:14, 8:21,
    11:15, 11:22, 13:23, 14:5,
    18:13, 18:18, 20:3, 30:16,
    52:15, 53:11, 54:11 .
trials 4:12 .
true 9:16, 12:21, 12:22, 12:24,
    13:5, 13:6, 13:16, 13:17 .

truth 12:22, 15:18, 16:11, 17:24,
    18:5 .
truthful 16:5, 16:22 .
truthfully 18:2 .
try 16:19, 19:17, 36:4, 51:2 .
trying 16:2, 16:21 .
turn 20:11 .
turned 41:19 .
TV 4:12, 44:13 .
tweak 51:2 .
two 21:18, 21:19, 22:6, 33:17,
    42:4, 50:16, 51:9, 53:2,
    53:7 .
type 32:7, 32:11, 32:14, 32:17,
    32:23, 32:25, 33:4, 33:6,
    33:10, 33:16, 34:3, 39:2 .
types 30:20 .
Tyson 2:4, 41:22, 43:4, 43:20,
    47:14 .
    .
    .
< U > .
ultimate 36:10 .
ultimately 52:11 .
unanimous 36:19, 37:15, 38:21,
    39:4 .
unanimously 11:17 .
understand 45:18, 51:24,
    54:23 .
understanding 22:16,
    26:15 .
understandingly 18:24 .
undertaken 34:1 .
undertaking 26:18 .
unfavorable 18:17 .
United 1:1, 1:5, 7:23, 45:24,
    51:17, 53:8, 54:9 .
unknown 21:6 .
unlawful 21:20, 22:6, 22:16,
    23:5, 24:4, 24:18, 24:21,
    25:11, 26:6, 26:14, 26:16,
    26:19, 27:18, 28:23, 30:21,
    31:17 .
unless 11:17, 11:24, 51:20 .
until 7:14, 11:12, 11:24, 21:1,
    45:1 .
Using 12:9 .
uttered 29:13, 30:7 .
    .
    .

< V >.
v. 53:8.
Valdez-garcia 21:3.
value 12:15.
various 15:11.
vehicle 35:13, 35:15.
venture 24:9.
VERDICT 5:21, 7:3, 8:20, 9:6,
    9:16, 9:19, 9:23, 10:2, 32:2,
    32:4, 34:5, 36:17, 36:19,
    37:14, 37:24, 38:19, 38:22,
    38:24, 39:5, 39:6, 39:8,
    39:10, 39:11, 39:13, 39:14,
    39:15, 39:16, 40:4, 40:5,
    40:6, 40:7, 40:9, 42:18,
    44:15, 44:19, 44:25, 45:10,
    45:12, 45:18, 45:24, 47:3,
    47:8, 48:3, 48:10, 48:11,
    48:13, 48:14, 48:16, 48:17,
    48:20, 48:22, 48:23, 48:25,
    49:1, 49:3, 49:4, 49:6, 49:7,
    49:9, 49:10, 49:12, 49:13,
    49:15, 49:16, 49:19, 50:1,
    50:2, 50:3, 51:7, 56:7.
verdict. 45:10.
verdicts 49:23.
versus 45:25.
Victoria 1:38.
view 5:21, 10:22, 10:24, 37:11,
    40:18, 40:22, 41:9.
viewed 17:15.
views 36:23, 37:1.
violate 5:20.
violating 21:11.
violence 37:3.
VOLUME 1:12.
voluntarily 18:24, 23:22, 27:8,
    28:15, 41:1.
voluntarily. 23:12.
voluntariness 41:6.
vote 37:13.
voted 39:14.
vouching 36:10.
vs 1:8.
.
.
< W >.
W. 1:49.
wait 42:10, 44:10, 44:18.
waiting 29:22, 44:14, 51:19.

warranted 12:17.
WARWICK 1:28, 2:16, 3:17,
    27:16, 40:20, 43:24, 45:8,
    45:11, 51:24, 52:2, 53:1,
    55:7.
Washington 50:13.
week 6:9, 6:24, 43:20, 44:1,
    50:7, 53:4.
weeks 41:19, 42:6, 53:3.
weigh 36:19, 37:19.
weight 6:1, 8:17, 8:18, 12:16,
    18:7, 18:22, 18:25, 19:9,
    19:16, 19:23.
welcome 44:22, 54:3, 55:3.
whatever 4:16, 6:3, 19:23,
    38:15.
Whether 8:2, 8:23, 9:10, 9:24,
    10:1, 10:5, 12:2, 14:14, 15:3,
    15:19, 16:5, 16:15, 16:17,
    17:3, 17:22, 18:23, 18:24,
    19:21, 22:25, 23:25, 24:2,
    24:13, 24:19, 27:9, 28:16,
    34:24, 35:23, 36:20, 37:14,
    37:19, 38:24, 51:16,
    54:17.
whole 5:16, 10:19, 23:16.
wholly 37:2.
whom 23:25, 31:18, 52:16.
whomever 50:23.
will 2:7, 4:5, 4:14, 4:15, 4:19,
    4:20, 6:24, 9:2, 9:15, 10:8,
    10:9, 10:16, 11:3, 11:23,
    14:18, 15:12, 17:17, 17:18,
    20:8, 30:12, 34:4, 34:5, 38:8,
    38:9, 38:16, 38:18, 38:20,
    38:22, 39:5, 40:3, 40:4, 40:6,
    40:7, 40:9, 41:18, 42:2, 43:4,
    43:15, 44:25, 46:1, 47:6,
    47:7, 48:7, 51:8, 51:9, 52:5,
    52:6, 52:7, 52:8, 52:9, 52:10,
    52:12, 52:13, 52:15, 52:19,
    52:24, 53:9, 53:14, 53:19,
    54:25, 55:12.
willful 27:20, 28:25.
Willfully 21:4, 21:23, 23:8,
    23:21, 24:2, 27:14, 27:15,
    28:21, 28:22, 34:8, 41:2.
willfulness 29:14, 29:18,
    30:8.
willing 26:19.

wisdom 5:18.
wise 35:2.
within 25:19, 42:14.
without 7:5, 7:17, 10:4, 26:1,
    26:6, 26:8, 31:11, 37:3.
witnesses 6:2, 6:6, 6:18, 8:18,
    13:3, 15:13, 16:24, 17:2,
    17:5, 18:8, 19:5, 19:12,
    19:25, 52:16, 52:22.
word 35:25.
words 16:19, 22:11, 22:25,
    29:12, 30:3, 30:6, 35:9,
    36:2.
work 44:18.
worker 24:6.
world 50:17.
woven 41:4.
write 39:8.
writing 22:11.
written 35:9, 38:13.
.
.
< Y >.
year 19:4.
years 51:25, 53:12, 53:18, 54:12,
    54:15, 54:21, 54:23.
yesterday 4:8, 6:10, 14:7.
yield 37:12.
You-all 4:4, 40:12, 41:11, 44:18,
    45:17, 50:19, 51:9, 55:1.
you. 41:12.
yourself 2:24, 17:22, 37:5,
    42:8.
yourselves 16:4, 23:24,
    41:21.